## MACFADDEN v. UNITED STATES.

APPLICATION FOR WRIT OF ERROR TO THE CIRCUIT COURT OF
APPEALS FOR THE THIRD CIRCUIT.

No. 14 Original.   Submitted April 5, 1909.—Decided April 12, 1909.

The object of the act of March 3, 1891, c. 517, 26 Stat. 826, was to distribute the appellate jurisdiction of this court between it and the Circuit Court of Appeals, and to abolish the appellate jurisdiction of the Circuit Court.

Although where a real constitutional question exists a writ of error can be sued out directly from this court to the trial court under § 5 of the act of 1891, the right to do so is lost by taking an appeal to the Circuit Court of Appeals. *Robinson* v. *Caldwell*, 165 U. S. 359.

The Circuit Court of Appeals does not lose its jurisdiction of an appeal under § 6 of the act of 1891 because questions were involved which would have warranted a direct appeal to this court under § 5 of that act.

Where the case can be taken directly to this court under § 5, or to the Circuit Court of Appeals under § 6, and the latter appeal is taken, while a writ of error will lie to the Circuit Court of Appeals if the jurisdiction of the Circuit Court rests, as shown by plaintiff's statement, on grounds, one of which is reviewable by this court, it will not lie if the only ground of jurisdiction is one where the judgment of the Circuit Court of Appeals is final.

The judgment of the Circuit Court of Appeals in a criminal case is final, and is no less so because the appellate jurisdiction of this court might have been invoked directly under § 5 of the act of 1891.

THE facts are stated in the opinion.

*Mr. Henry M. Earle* for petitioner for writ of error:

I. Whether or not a writ of error to this court may now be had for the purpose of reviewing the judgment of the Circuit Court of Appeals, is controlled by the Judiciary Act of March 3, 1891.

The interpretation of this act has been before this court in several instances; see *Robinson* v. *Caldwell*, 165 U. S. 359, in which case appellant attempted to avail himself of independ-

ent and simultaneous appeals; See also *Carter* v. *Roberts*, 177 U. S. 496, in which appellant, after having appealed to the Circuit Court of Appeals from the Circuit Court, attempted to appeal from the Circuit Court directly to this court.

For an elaborate interpretation of the Judiciary Act see *Spreckels Sugar Refining Co.* v. *McClain*, 192 U. S. 397, 408, discussing whether the judgment of the Circuit Court of Appeals was so far final, within § 6 of the act of 1891, that it could not be reviewed here as of right by writ of error and whether the judgment of that court can be reëxamined here in any way, except upon certiorari.

The *Spreckels case* arose under the revenue laws, and the case at bar arose under the criminal laws; both are within the same provision of the Judiciary Act, and consequently the conclusions of this court on the subject of its jurisdiction relative to one, are equally applicable to the other.

In the *Spreckels case, Robinson* v. *Caldwell*, 165 U. S. 359, was distinguished, as in the latter case appeals were taken from the Circuit Court both to the Circuit Court of Appeals and to this court.

The case before the court was one in which the jurisdiction of the Circuit Court is unquestionably established, and the case is within § 5 of the act of 1891. The judgment of the Circuit Court of Appeals is not final within the meaning of § 6 of said act, as it involves the construction of the statute relating to the use of the mails—a criminal law—and also involves "from the outset . . . the construction or application of the Constitution, or the constitutionality of an act of Congress." Under the facts and conditions stated it would appear that the decision in the *Spreckels case* (*supra*) controls the jurisdiction to review the judgment in the case at bar, a right the reason for which in this case appears in the fact that the construction of the section of the act in question, 3893, Rev. Stat., by the courts was opposed to the construction of it established by this court in the case of *Dunlop* v. *United States*, 165 U. S. 486, and *United States* v. *Swearingen*, 161 U. S. 451, and that the

courts avoided or ignored the constitutional question; the exactness of both of these statements are obvious upon reference to the record.

II. A constitutional question does actually exist in this case. The question arising does not refer to the admitted right of Congress to regulate the mails, but to the uncertainty of some of the laws in this regard. The act in question is so framed that its administration contravenes constitutional rights. See *Ex parte Jackson*, 96 U. S. 727; *Public Clearing House v. Coyne*, 194 U. S. 507; *United States v. Comerford*, 25 Fed. Rep. 902; *United States v. Morris*, 14 Pet. 464; *United States v. Wiltberger*, 5 Wheat. 76.

The statute is uncertain, being expressed in abstract terms which depend for construction upon the ever varying personal standards of the court or jury in each particular case. Certain standards have been established by this court, but the examination of the reports show that the lower courts are so divided as to their meaning that the greatest uncertainty still exists, and no man may tell from reading the statute or from studying the varying decisions, what he may not do under it; a single instance illustrates this fact, viz.: the opinion in *Hanson v. United States*, 157 Fed. Rep. 749, follows *Dunlop v. United States*, 165 U. S. 486, and is directly opposed to *Macfadden v. United States*, 165 Fed. Rep. 51, 52, which is based on the case of *Rosen v. United States* 161 U. S. 29.

Criminal laws cannot be framed in uncertain terms. *James v. Bowman*, 190 U. S. 127; *United States v. Brewer*, 139 U. S. 288; 12 Myer, Fed. Dec. 86, § 346.

*The Solicitor General* for the United States:

This is not a case in which the constitutionality of a law of the United States is drawn in question, because this court has already declared that § 3893 is constitutional.

The mere allegation that an act is unconstitutional is not sufficient to draw in question the constitutionality of the act. The constitutional or other Federal claim must be real and sub-

stantial in order to give jurisdiction to this court; the bare averment of a Federal question is not sufficient; there must be at least color of ground therefor. *Millingar v. Hartupee,* 6 Wall. 258; *New Orleans v. New Orleans Water Works Co.,* 142 U. S. 79; *Hamblin v. Western Land Co.,* 147 U. S. 531; *Fort Smith Ry. v. Merriam,* 156 U. S. 483; *Clarke v. McDade,* 165 U. S. 172; *Wilson v. North Carolina,* 169 U. S. 595; *Lampasas v. Bell,* 180 U. S. 276; *Sawyer v. Piper,* 189 U. S. 154; *American R. R. Co. v. Castro,* 204 U. S. 453.

The mere allegation of the petitioner that it is unconstitutional cannot make a case in which the constitutionality of a law of the United States is drawn in question within the meaning of § 5 of the judiciary act of March 3, 1891. In a number of previous cases arising under § 3893, the points raised in this case by the petitioner were passed upon by this court and decided in favor of the constitutionality of the act. *Ex parte Jackson,* 96 U. S. 727, 736; *Rosen v. United States,* 161 U. S. 29, 42; *Dunlop v. United States,* 165 U. S. 486; *United States v. Chase,* 135 U. S. 255, 261.

This court has also considered convictions obtained under the act, without indicating any doubt as to its constitutionality. *Grimm v. United States,* 156 U. S. 604; *Swearingen v. United States,* 161 U. S. 446; *Andrews v. United States,* 162 U. S. 420; *Price v. United States,* 165 U. S. 311.

When this court decides a question of law, it makes the law, and thereafter there cannot be said to be any question of law in regard to that proposition which it has already decided. *Kansas v. Bradley,* 26 Fed. Rep. 289; *Newburyport Water Co. v. Newburyport,* 193 U. S. 561; *Lampasas v. Bell,* 180 U. S. 276; *New Orleans Water Works Co. v. Louisiana,* 185 U. S. 336, 344; *Spreckels Sugar Refining Co. v. McClain,* 192 U. S. 397, discussed and distinguished from the present case.

MR. JUSTICE MOODY delivered the opinion of the court.

The petitioner, Bernarr Macfadden, was indicted in the Dis-

trict Court of the United States for the District of New Jersey for mailing obscene literature, in violation of § 3893 of the Revised Statutes. He pleaded not guilty, and upon trial before a jury was found guilty.

Various questions of law arose in the course of the trial, which need not be stated.

After the evidence was concluded the petitioner presented to the presiding judge many requests for instructions to the jury, which were refused, under exception. For the purposes of this case four only need to be referred to, and they summarily. The judge was requested to rule that the statute under which the indictment was returned was unconstitutional; (*a*) because it abridged the freedom of the press; (*b*) because it was uncertain and created no general rule of conduct, and therefore the indictment was without due process of law; (*c*) because it was an *ex post facto* law; (*d*) because it delegated legislative power to the court or jury.

There was a motion in arrest of judgment, which was overruled. Thereupon judgment was entered, and the petitioner sued out a writ of error to the Circuit Court of Appeals for the Third Circuit. That court affirmed the judgment.

After a denial of a petition for a writ of certiorari the petitioner made application to one of the justices of this court for a writ of error, directed to the Circuit Court of Appeals. The question of the right of the petitioner to such a writ of error has been referred to the full court, and, by direction of the court, briefs on the part of the United States and the petitioner have been filed and considered.

The object of the act of March 3, 1891, c. 517, 26 Stat. 826, was to distribute the appellate jurisdiction of the Supreme Court between it and the newly-created Circuit Courts of Appeal, and to abolish the appellate jurisdiction of the Circuit Courts. The first necessary step in this undertaking was to determine in what cases appeals (using the word in its broader sense) might be taken directly to this court. This was done in § 5, which is as follows:

"SEC. 5. That appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts direct to the Supreme Court in the following cases:

"In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision.

"From the final sentences and decrees in prize causes.

"In cases of conviction of a capital or otherwise infamous crime.

"In any case that involves the construction or application of the Constitution of the United States.

"In any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, is drawn in question.

"In any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States."

Clause 3 of this section has been amended by the act of January 30, 1897, c. 69, 29 Stat. 492 by striking out the words "or otherwise infamous."

Assuming, without decision, that the constitutional questions were real and substantial, it is clear that a writ of error might have been sued out originally directly from this court under clause 5. *Loeb* v. *Columbia Township Trustees,* 179 U. S. 472. But this was not done, and by the appeal to the Circuit Court of Appeals the right of direct appeal here was lost. *Robinson* v. *Caldwell,* 165 U. S. 359.

Section 6 of the act provides that the Circuit Courts of Appeal shall exercise appellate jurisdiction "in all cases other than those provided for in the preceding section of this act," and the fact that there were in the case questions which would have warranted a direct appeal to this court does not deprive the Circuit Court of Appeals of its jurisdiction. *American Sugar Co.* v. *New Orleans,* 181 U. S. 277. In the case at bar the Circuit Court of Appeals has assumed jurisdiction and rendered judgment. May the petitioner have a writ of error directed to

that judgment? The answer to this question depends upon whether the judgment of the Circuit Court of Appeals was final. The act contemplated that certain judgments of the Circuit Court of Appeals might be reviewed on writ of error in this court, and that certain other judgments could not be so reviewed. The line of division is marked in § 6 of the act. It is to be observed that the line of division between cases appealable directly to this court and those appealable to the Circuit Court of Appeals, made by § 5 of the act, is based upon the nature of the case or of the questions of law raised. But the line of division between cases appealable from the Circuit Court of Appeals to this court and those not so appealable, drawn by § 6, is different, and is determined, not by the nature of the case or of the questions of law raised, but by the sources of jurisdiction of the trial court, namely, the Circuit Court or the District Court, whether the jurisdiction rests upon the character of the parties or the nature of the case. *Huguley Mfg. Co.* v. *Galeton Cotton Mills,* 184 U. S. 290, where it was said by the Chief Justice, citing cases, "The jurisdiction referred to is the jurisdiction of the Circuit Court as originally invoked." The difference in the test for determining whether a case is appealable from the trial court directly to this court, and the test for determining whether a case is appealable from the Circuit Court of Appeals to this court, is important, and a neglect to observe it leads to confusion.

The statute says that the judgment of the Circuit Court of Appeals "shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different States; also in all cases arising under the patent laws, under the revenue laws, and under the criminal laws, and in admiralty cases." In all other cases there is a right of review by this court if the matter in controversy exceeds one thousand dollars.

As this is a case arising under the criminal laws, the judgment of the Circuit Court of Appeals rendered within its lawful juris-

diction is, by the very terms of the act, final. And so it was held in *Cary Mfg. Co.* v. *Acme Flexible Clasp Co.*, 187 U. S. 427, this court saying, through the Chief Justice: "Although it is insisted that the judgment imposing the fine was a final judgment in a criminal matter, it is argued that it involved the denial of constitutional rights, and hence that this court has jurisdiction under § 5 of that act; but it is settled that even.if a party might be entitled to come directly to this court under that section, yet if he does not do so, and carries his case to the Circuit Court of Appeals, he must abide by the judgment of that court," and the writ of error to the Circuit Court of Appeals was accordingly dismissed. Unless this case has been overruled, it governs the case at bar.

But it is argued that the right to this writ of error is supported by the decision of this court in *Spreckels Sugar Refining Co.* v. *McClain*, 192 U. S. 397. An examination of that case, however, shows that the exact decision has no relevancy to the question now before us. The language of the opinion should be interpreted in the light of the facts of the case. The plaintiff there brought an action against the collector of internal revenue to recover certain taxes imposed by the revenue laws of the United States, paid by it under protest. The plaintiff's claim as stated in his declaration was twofold; first, that the taxes were not due under the act as properly construed; and, second, that the act itself was unconstitutional. The jurisdiction, therefore, of the trial court was invoked upon two grounds; first, because it was a revenue case; and, second, because it arose under the Constitution and laws of the United States (25 Stat. 433), which means that the plaintiff's case thus arose. *Louisville & Nashville R. R. Co.* v. *Mottley*, 211 U. S. 149, and cases cited. Judgment went against the plaintiff, and it was affirmed by the Circuit Court of Appeals. A writ of error from this court to the Circuit Court of Appeals was sued out, and the question was whether it would lie. That question, as we have seen it, is determinable by the jurisdiction of the trial court. If the jurisdiction depended solely upon the fact that it was a case arising

under the revenue laws the judgment of the Circuit Court of Appeals was a final judgment. If, on the other hand, the jurisdiction depended solely upon the fact that it was a case arising out of the Constitution or laws of the United States, the jurisdiction of the Circuit Court of Appeals was not final, and it was reviewable upon the writ of error as matter of right in this court.

Here was a case, then, which in one aspect of the jurisdiction was reviewable by this court and in another aspect of the jurisdiction was not reviewable here. The precise case had not arisen before, and the statute was silent upon it. It was held that the writ of error could be maintained, as the jurisdiction of the trial court did not depend solely upon grounds which by the terms of the act would have made the judgment of the Circuit Court of Appeals final, but depended also upon grounds which would have permitted a writ of error from this court to the Circuit Court of Appeals. That this was the precise ground of the decision is clear from the whole trend of the reasoning and from the statement in the opinion, p. 410, that "the judgment of the Circuit Court of Appeals is not final, within the meaning of the sixth section, in a case which, although arising under a law providing for internal revenue and involving the construction of that law, is yet a case also involving, from the outset, from the plaintiff's showing, the construction or application of the Constitution or the constitutionality of an act of Congress." The case decides nothing more than that where the jurisdiction of the trial court is shown by the plaintiff's statement of his own case to rest upon two distinct grounds; first, a ground where the appellate jurisdiction of the Circuit Court of Appeals was made final by the statute; and, second, a ground where the appellate jurisdiction of the Circuit Court of Appeals was made by the statute reviewable in this court, the latter ground of jurisdiction would control and the writ of error to the Circuit Court of Appeals would lie. Thus construed, the case is consistent with all the decisions and has no application here, because the only ground of jurisdiction of the District Court in the case

at bar was that it was a case arising under the criminal laws. In such a case the statute makes the judgment of the Circuit Court of Appeals final, and it is no less final because the petitioner here might, if he had been so advised, originally have invoked directly, under § 5 of the act, the appellate jurisdiction of this court.

We are of the opinion that the writ of error does not lie, and the application for it is

*Denied.*