*Co.,* 166 Fed. Rep. 569; 168 Fed. Rep. 937; 170 Fed. Rep. 335; 170 Fed. Rep. 625; 170 Fed. Rep. 626; 171 Fed. Rep. 1014; 171 Fed. Rep. 1015; 171 Fed. Rep. 1019; *Morton Trust Co.* v. *Metropolitan Street Ry. Co.,* 170 Fed. Rep. 336; *Guaranty Trust Co.* v. *Second Ave. Ry. Co.,* 171 Fed. Rep. 1020; *Pennsylvania Steel Co.* v. *Metropolitan Street Ry. Co.,* 170 Fed. Rep. 623.

---

# HELVETIA–SWISS FIRE INSURANCE COMPANY v. BRANDENSTEIN.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 481. Motion to dismiss submitted November 15, 1909.—Decided November 29, 1909.

A writ of error to the Circuit Court of Appeals dismissed without opinion on the authority of *Macfadden* v. *United States,* 213 U. S. 288.[1]

---

[1] The pertinent headnotes in *Macfadden* v. *United States* are as follows:

Although where a real constitutional question exists a writ of error can be sued out directly from this court to the trial court under § 5 of the act of 1891, the right to do so is lost by taking an appeal to the Circuit Court of Appeals. *Robinson* v. *Caldwell,* 165 U. S. 359.

The Circuit Court of Appeals does not lose its jurisdiction of an appeal under § 6 of the act of 1891 because questions were involved which would have warranted a direct appeal to this court under § 5 of that act.

Where the case can be taken directly to this court under § 5, or to the Circuit Court of Appeals under § 6, and the latter appeal is taken, while a writ of error will lie to the Circuit Court of Appeals if the jurisdiction of the Circuit Court rests, as shown by plaintiff's statement, on grounds, one of which is reviewable by this court, it will not lie if the only ground of jurisdiction is one where the judgment of the Circuit Court of Appeals is final.

*Mr. Frederick B. Campbell* for plaintiff in error.

*Mr. William V. Rowe* and *Mr. Royall Victor* for defendants in error.

*Per Curiam.* Writ of error dismissed for want of jurisdiction. *Macfadden* v. *United States*, 213 U. S. 288.

———————

## KANSAS CITY STAR COMPANY *v.* JULIAN.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 85. Motion to dismiss or affirm submitted November 29, 1909.— Decided December 6, 1909.

Where the Federal question is first raised in the petition to the highest court of the State for rehearing it is too late. *Loeber* v. *Schroeder*, 149 U. S. 580.

Where the judgment of the state court rests on non-Federal grounds broad enough to sustain it this court cannot review it under § 709, Rev. Stat.

Writ of error to review, 209 Missouri, 35, dismissed.

*Mr. Isaac N. Watson, Mr. Hannis Taylor, Mr. Wash. Adams* and *Mr. Frank Hagerman,* for the plaintiff in error.

*Mr. John H. Atwood, Mr. O. H. Dean* and *Mr. Ira Julian,* for the defendant in error.

*Per Curiam.* Writ of error dismissed for want of jurisdiction. *Sayward* v. *Denny,* 158 U. S. 180; *Mutual Life Ins. Co.* v. *McGrew,* 188 U. S. 291, 307, 308; *State* v. *Bland,* 186

---

The judgment of the Circuit Court of Appeals in a criminal case is final, and is no less so because the appellate jurisdiction of this court might have been invoked directly under §.5 of the act of 1891.