HUFF et al. v. BIDWELL et al.

(Circuit Court of Appeals, Fifth Circuit. at Chambers. June 1, 1910.)

No. 2,048.

1. COURTS (§ 382*)—APPELLATE JURISDICTION—UNITED STATES SUPREME COURT.

Under Act Creating the Circuit Court of Appeals (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) § 6, making the judgment of that court final where jurisdiction of the trial court depends on diversity of citizenship, appeal lies to the Supreme Court where the trial court's jurisdiction attaches on other grounds.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1020; Dec. Dig. § 382.*]

2. CONSTITUTIONAL LAW (§ 42*)—WHO ENTITLED TO OBJECT.

A statute will be held to be unconstitutional only at the suit of a party directly and certainly affected thereby.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40; Dec. Dig. § 42.*]

3. COURTS (§ 382*)—JURISDICTION—DETERMINATION.

Act Creating the Circuit Court of Appeals (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) § 6, makes the judgment of that court final, where jurisdiction of the trial court depends upon diversity of citizenship. In a suit to enforce judgment liens against land, claimants made a city a party, claiming that the land was being taken under paving taxes without due process of law, in violation of the Constitution. Defendants denied that the taxes affected complainants' rights. On a showing of the amount of taxes due, complainants' tender of that amount was received, but afterwards returned. On decree for complainants, defendants appealed to the Circuit Court of Appeals, where the decree was affirmed on being amended to allow the paving taxes by allowing the city the taxes tendered. Defendants having failed to prosecute their appeal from this judgment, it was dismissed by the Supreme Court. Held, that the constitutional question was abandoned, making final the Circuit Court of Appeal's judgment on a second appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 382.*]

Bill by William L. Bidwell and another against W. A. Huff and others. On affirmance by the Circuit Court of Appeals of a judgment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for complainants, defendant Huff applies individually and as trustee for an appeal to the Supreme Court. Appeal denied.

See, also, 176 Fed. 1022.

Dupont Guerry, J. H. Hall, and T. S. Felder, for appellants.

John I. Hall, W. G. Smith, T. E. Ryals, W. J. Grace, James L. Anderson, George S. Jones, N. E. Harris, Charles H. Hall, Jr., R. L. Anderson, Walter A. Harris, and J. E. Hall, for appellees.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a petition by W. A. Huff, individually, and as trustee for Mattie J. C. Jennings and Edison Huff, for an appeal to the Supreme Court from the United States Circuit Court of Appeals. To show the petitioners' case, it is necessary to state the proceedings which led to the decree from which the appeal is sought.

The litigation was begun by Bidwell and Woodford filing a bill in the United States Circuit Court for the Western Division of the Southern District of Georgia in August, 1899, against W. A. Huff and others. Bidwell and Woodford were judgment creditors of W. A. Huff, and the purpose of the bill was to enforce their lien against his real estate. The property, or at least a portion of it, was situated in the city of Macon. The city of Macon was made a party defendant because it was claiming taxes against the property of Huff, which the complainants alleged were not legal. It was also alleged that it was claimed by the city of Macon that Huff was indebted to it for assessments imposed for paving around what is known as the Kimball House lot in the city of Macon. The main purpose of the bill was to collect the judgments which Bidwell and Woodford had against Huff. As an incident to this main purpose, the complainants sought to clear the property of the lien and charges for taxes. In the first paragraph of the bill the diverse citizenship of the complainants and the defendants was alleged. In the eleventh paragraph of the bill it was alleged substantially, in reference to the city's claim for taxes, that the property of Huff upon which the complainants claim their judgment liens was being taken without due process of law and contrary to the Constitution of the United States and the provisions of article 14 of the amendments to the Constitution, and that if the relief prayed was not given they would be deprived of their property rights in said property without due process of law, in violation of the provisions of the Constitution of the United States and of the fourteenth amendment; and that complainants' right is one arising under the Constitution and laws of the United States.

The defendants, W. A. Huff and others, who now apply for this appeal, in their answer to paragraph 11 of the bill, admitted the allegation thereof as to the invalidity of the paving assessments referred to, but denied that "said assessments are in any wise inimical to complainants' rights, or that the rights of the complainants are in any wise threatened or likely to suffer by reason of said assessments." The controversy in reference to the taxes, as made by the pleadings, was wholly between the complainants, Bidwell and Woodford, and the

city of Macon. The proceedings in the Circuit Court showed that the amount of taxes claimed was $3,546.89. The complainants became satisfied that this was a proper claim and tendered to the city the full amount of the taxes, including the costs in the Circuit Court. The amount of the tender was received at first by the city, but was afterwards returned to the complainants. After a final decree was rendered in the Circuit Court, an appeal was taken by Huff and others to the United States Circuit Court of Appeals. In reference to the matter of taxes, among other things, that court said:

"We think the tender should have been accepted by the city, and the litigation between it and the plaintiffs ended. The practical way to end the controversy now is to amend the decree by allowing the city the full amount of taxes claimed by it on the Kimball House property which the plaintiffs are willing to pay, and its costs in the Circuit Court. The amount, with interest to March 5, 1906, as appears from the record, is $3,011.29. The decree will be so amended." Huff v. Bidwell, 151 Fed. 563, 81 C. C. A. 43.

After this decree of affirmance was rendered by the Circuit Court of Appeals, an appeal to the Supreme Court was taken by W. A. Huff and others, and was subsequently dismissed by the Supreme Court, pursuant to rule 10 (29 Sup. Ct. xv). Huff v. Bidwell, 214 U. S. 528, 29 Sup. Ct. 694, 53 L. Ed. 1069.

The decree from which this first appeal was taken was one directing the sale of Huff's property. The mandate went down from the Court of Appeals to the Circuit Court, and the Circuit Court proceeded to enforce its decree. Huff's real estate was sold under the decree, and a report of the sale was made to the Circuit Court. Objections were formally made to the confirmation of the sale, but the Circuit Court overruled the objections and confirmed the sale. A second appeal was taken to the United States Circuit Court of Appeals from the decree of the Circuit Court confirming the sale. The errors assigned related to the manner in which the sale had been conducted and the amount realized from the sale. The United States Circuit Court of Appeals affirmed the decree of the Circuit Court in a brief opinion, per curiam, as follows:

"The original decree, as affirmed in this court, required all the property of the defendant Huff to be sold to pay off, adjust, and satisfy the many liens thereon, and in the conduct and management of the sale complained of the trial judge had and exercised a sound discretion. As the case is presented by record, we conclude that the sale in question was properly confirmed. The decree appealed from is affirmed, and, in considering the large amount of funds tied up by the appeal, mandate will issue at once." Huff v. Bidwell (C. C. A.) 176 Fed. 1022.

It is this last judgment of affirmance that Huff and others now seek to review by an appeal to the Supreme Court.

The right of appeal is claimed under section 6 of the act creating the Circuit Courts of Appeals. Act March 3, 1891, c. 517, 26 Stat. 828 (U. S. Comp. St. 1901, p. 549). The act contemplates that certain judgments of the Circuit Courts of Appeals may be reviewed by appeal or writ of error, and certain other judgments cannot be so reviewed. The line of division between cases appealable from Circuit Courts of Appeals to the Supreme Court and those not so appealable is determined by the sources of jurisdiction of the trial court. Sec-

tion 6 provides that the judgment of the Circuit Court of Appeals shall be final in those cases in which the jurisdiction of the trial court is dependent entirely upon the diversity of citizenship. Where the jurisdiction of the trial court attaches upon other and different grounds, then the right of appeal to the Supreme Court from the Circuit Court of Appeals is given. Macfadden v. United States, 213 U. S. 288, 294, 29 Sup. Ct. 490, 53 L. Ed. 801. The question here, of course, is whether or not the jurisdiction of the trial court was dependent alone upon diverse citizenship; that is, whether or not the other averments of the bill relating to the illegality of the city taxes would of itself be sufficient to give the court jurisdiction if diverse citizenship had not existed.

The Supreme Court has repeatedly held that when a suit does not really and substantially involve a controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws; and that it must appear on the record by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a controversy as to a right which depends on the construction of some law or treaty of the United States before jurisdiction can be maintained on this ground. Defiance Water Company v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140. In this case the complainants and defendants were citizens of different states, and the amount involved was sufficient to give the court jurisdiction. The bill was filed by Bidwell and Woodford, as judgment creditors, to enforce the liens of their judgments upon real estate. The constitutional question, if raised at all by the averments of the bill, relates to taxes claimed by the city of Macon against the defendant W. A. Huff. Bidwell and Woodford had no pecuniary interest in the controversy as to the constitutionality of the tax, if Huff's property was amply sufficient to pay both his debts and the taxes. The record in this case shows that the property was sufficient to pay both. We think it a question of grave doubt whether the complainants were so situated as to entitle them to raise the constitutional question. The duty of condemning state legislation as unconstitutional and void cannot be thrown upon the courts except at the suit of parties directly and certainly affected thereby. Chadwick v. Kelley, 187 U. S. 540, 23 Sup. Ct. 175, 47 L. Ed. 293.

We think the record does not show that the case really and substantially involved a dispute or controversy as to the effect or construction of the Constitution or laws of the United States. The reference to the Constitution and amendments is incidental. The result of the case, and the relief sought, to wit, the collection of debts by the enforcement of judgment liens, did not depend upon the construction of the Constitution or laws of the United States. Although we are required to look alone at the averments of the bill to settle the question of jurisdiction, we think that other parts of the record tend to throw light on the proper construction of the bill and therefore on the question as to whether the case really and substantially involved a federal

question as claimed. . Looking at other parts of the record, we find that the complainants abandoned the claim that the taxes were illegal, and tendered payment of them in full. This occurred before the first appeal was taken to the United States Circuit Court of Appeals.

If any federal question that would give jurisdiction was ever raised, it was abandoned in the Circuit Court by the complainants, Bidwell and Woodford, and in the Supreme Court by Huff and others, who failed to prosecute their appeal from the first decree of affirmance.

Under the circumstances, we are of opinion that the decree of the Circuit Court of Appeals is final. Arbuckle v. Blackburn, 191 U. S. 405, 24 Sup. Ct. 148, 48 L. Ed. 239.

The application for an appeal must be
Denied.

PARDEE, Circuit Judge. I have read and considered the foregoing opinion of Judge SHELBY and I fully concur.