## CHICAGO JUNCTION RAILWAY COMPANY v. KING.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 34. Argued November 2, 3, 1911.—Decided December 11, 1911.

The repugnancy of the Safety Appliance Law to the Constitution is not now open to controversy; it has been held constitutional. *Southern Railway Co.* v. *United States, ante,* p. 20.

Where the constitutional question is not advanced by the defendant until the trial it does not give jurisdiction of an appeal to this court from the Circuit Court of Appeals. *Macfadden* v. *United States,* 213 U. S. 288.

Where the cause of action is based on a statute of the United States there is an appeal to this court from the judgment of the Circuit Court of Appeals.

Although there may be jurisdiction because the cause of action rests on a statute of the United States, where none of the contentions directly invoke the interpretation of the statute, but merely the question whether, on the evidence, there was a right of recovery, the case is of the character of cases in which it was the purpose of the Judiciary Act of 1891 to make the judgment of the Circuit Court of Appeals final, and this court will only examine the record to see if plain error has been committed; and if that is not apparent, it will, as in this case, affirm the judgment.

169 Fed. Rep. 372, affirmed.

THE facts are stated in the opinion.

*Mr. John D. Black,* with whom *Mr. John Barton Payne* was on the brief, for plaintiff in error.

*Mr. James C. McShane,* for defendant in error, submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This action to recover for personal injuries begun in a

state court, was removed to a Circuit Court and there decided for the plaintiff. To obtain a reversal of a judgment affirming, the case is here upon an assumption that a constitutional question is involved which gives jurisdiction. It is admitted that such question, that is, the repugnancy of the Safety Appliance Law to the Constitution, is now not open to controversy because of a recent decision. *Southern Railway Co.* v. *United States, ante,* p. 20. Yet, as the case is here, other errors relied upon, it is urged, must be decided. But even conceding that the constitutional question was not wholly frivolous when first advanced, as it arose only at the trial, it does not give jurisdiction. *Macfadden* v. *United States,* 213 U. S. 288. But this is negligible, since by the pleadings the cause of action was based on a statute of the United States—the Safety Appliance Law—which gives jurisdiction. *Macfadden* v. *United States, supra.* The damage thus arose: After cutting out some cars from an interstate freight train at the Union Stock Yards in Chicago, the train could not be re-coupled because of a broken knuckle on the coupler of one of the cars. The plaintiff, a switchman, secured a new knuckle and going between the cars to put it in place of the broken one, was crushed by a backward movement of the train, which brought the uncoupled cars together. The movement was ordered by the train conductor with the purpose of shoving the train back several city blocks to where it was proposed to repair the coupler.

Coming to consider the contentions, although they seemingly involve many propositions, they all are reducible to the assertion that the plaintiff was so clearly guilty of contributory negligence, in one aspect or the other, that it was the duty of the court to instruct a verdict for the defendant. Indeed, this is expressly stated in the argument to be the result of all the propositions except two relating to an instruction given and to one refused. But these

two instructions when rightly considered are of the same character, as they also rest ultimately upon the contention that the proof on particular subjects was such as to necessitate a binding instruction for the railway company.

The following, therefore, as to all the contentions, is clearly apparent: First. That while they may in a general sense involve the Safety Appliance Law, none of them directly invoked the interpretation of that law. Second. That while the contentions, from an ultimate point of view, present a question of law—that is, was there any substantial evidence to go to the jury?—in their primary aspect they call for an examination of the entire evidence to determine whether it had any substantial tendency to establish the right of the plaintiff to recover. Third. That although we have jurisdiction to review because the cause of action as stated in the pleadings rested upon the Safety Appliance Law, the questions now presented, in a broad sense, are of a character which ordinarily it was the purpose of the Judiciary Act of 1891 to submit to the final jurisdiction of the Circuit Court of Appeals.

Under the conditions just stated, we do not think we are called upon to scrutinize the whole record for the purpose of discovering whether it may not be possible, by a minute analysis of the evidence, to draw therefrom inferences which may possibly conflict with the conclusion of the courts below as to the tendencies of the proof. We are of this opinion because, in this and cases like it, that is, in cases where the conditions are in all respects identical with those here presented, we think our whole duty will be performed by giving to the record such examination and consideration as may be necessary to enable us to determine whether plain error was committed by the court below in any of the particulars complained of. In the discharge of such duty in this case, in view of the full opinion of the Circuit Court of Appeals, and in the light of the adequate examination which we have made of the

record, as we find nothing giving rise to a clear conviction on our part that error has resulted from the action of the courts below, it follows that the judgment of the Circuit Court of Appeals must be and it is affirmed.

*Affirmed.*