REED v. UNITED STATES et al.

(Circuit Court of Appeals. Ninth Circuit. July 12, 1915.)

1. EXTRADITION ⬱21—INTERSTATE—OFFENSES.
    It is only on a charge of crime that extradition may be resorted to, under Const. art. 4, § 2, par. 2, relating thereto.
    [Ed. Note.—For other cases, see Extradition, Cent. Dig. § 26; Dec. Dig. ⬱21.]

2. COURTS ⬱405—APPELLATE JURISDICTION—JURISDICTION OF UNITED STATES CIRCUIT COURT OF APPEALS.
    Where an appeal presents other questions than that of constitutional rights, the appeal may, at the option of appellant, be taken to the United States Circuit Court of Appeals.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ⬱405.]

3. EXTRADITION ⬱36—INTERSTATE—JUDICIAL REVIEW.
    In extradition proceedings, a large measure of conclusiveness will be accorded to the proceeding before the Governor on whom the demand is made, and the fugitive has no constitutional right to be heard, and the Governor's warrant for removal is sufficient, until presumption of its legality is overthrown by contrary proof in a legal proceeding to review his action.
    [Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 40–43; Dec. Dig. ⬱36.]

4. HABEAS CORPUS ⬱92—EXTRADITION—JUDICIAL REVIEW.
    On habeas corpus for the discharge of an alleged fugitive from one state to another, the court will not inquire into the sufficiency of the indictment charging the offense as a matter of technical pleading.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–96; Dec. Dig. ⬱92.]
    Scope of review on habeas corpus to procure release of person sought to be extradited, see note to Bruce v. Rayner, 62 C. C. A. 506.]

---

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. HABEAS CORPUS ☞103—EXTRADITION—INDICTMENT—SUFFICIENCY.**

An indictment charging that accused obtained from prosecutor a draft drawn on a bank of Iowa for a specified sum by means of false pretenses and with intent to defraud, and alleging that accused falsely and with intent to defraud represented to prosecutor that accused was the owner of land described, free of incumbrances, and that he would warrant the same to the prosecutor, each and all of which representations prosecutor believed and relied on, when accused did not own the land and the same was not free of incumbrances, sufficiently charges the offense of false pretenses, under Code Iowa, 1897, § 5041, punishing any person who by false pretenses and with intent to defraud obtains from another any property, to authorize the extradition of accused, and the court, on habeas corpus for his discharge under extradition proceedings, will remand him to custody.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 90, 91; Dec. Dig. ☞103.]

**6. HABEAS CORPUS ☞92—EXTRADITION—JUDICIAL QUESTIONS.**

The question of whether the crime charged against a fugitive from justice is barred by the statute of limitations of the demanding state will not be determined by the court on habeas corpus for the discharge of accused under extradition proceedings, and the question will be left to the decision of the courts of the demanding state.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–96; Dec. Dig. ☞92.]

**7. HABEAS CORPUS ☞85—INTERSTATE—FUGITIVE FROM JUSTICE—PRESUMPTIONS—EVIDENCE.**

Where, on habeas corpus for the discharge of a fugitive from justice of another state, it appears that the indictment charged the commission of an offense in the demanding state by the fugitive, the presumption that he is a fugitive, within the Constitution and laws of the United States, arising from the mere fact that he is found in another state, may be overcome by proof that he was not in the demanding state at the time of the commission of the offense.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. ☞85.

Fugitives from justice under extradition laws, see note to In re Strauss, 63 C. C. A. 104.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benj. F. Bledsoe, Judge.

Habeas corpus by Ernest C. Reed against the United States of America, Charles E. Sebastian, Chief of Police of the City of Los Angeles, and Patrick J. Phelan, agent of the State of Iowa, for the discharge of petitioner, restrained under an extradition warrant. From an order discharging the writ and remanding petitioner to custody, he appeals. Affirmed.

R. V. Whiting, of San Francisco, Cal., and Collier, Shelton & Schlegel, of Los Angeles, Cal., for appellant.

Percy V. Hammon and C. A. Stutsman, both of Los Angeles, Cal., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This is an appeal from the order of the court below discharging a writ of habeas corpus, and remanding the

petitioner, the appellant herein, to custody. The petition represented in substance that the petitioner was illegally restrained of his liberty by the chief of police of the city of Los Angeles, and one Phelan, an agent of the Governor of the state of Iowa, under and by virtue of a certain demand for his extradition made by the Governor of Iowa, founded upon an illegal indictment by a grand jury of that state, and a writ of rendition issued thereupon for the petitioner's apprehension by the Governor of the state of California; that the petitioner's imprisonment and detention are illegal, for the reasons that the requisition of the Governor of Iowa is wholly insufficient to empower the state of Iowa to ask for the petitioner's extradition; that the indictment which was found against the petitioner in the state of Iowa was insufficient, for the reason that it did not state facts sufficient to constitute a public offense, in this: That it does not appear that the person alleged in said indictment to have been defrauded by petitioner was defrauded of anything of value, and that there is no such crime as the crime of false pretenses known to the laws of Iowa; that it cannot be determined from the indictment whether the petitioner is charged with cheating by false pretenses; that it cannot be determined therefrom whether the person alleged to have been defrauded intended to part with the title of the property or thing, or what he was to receive for his property, and it does not appear what representations the petitioner made as to what period of time the real property described in said indictment was free and clear of incumbrances, or at what date the petitioner owned the same. Other similar alleged defects in the pleading to the indictment are pointed out, and it is further alleged that prosecution of the offense with which the petitioner was charged was barred by the statute of limitations of the state of Iowa, and it is also alleged that the petitioner is not a fugitive from justice.

[1] There is no allegation of diversity of citizenship, and no allegation whatever that the petitioner is held in custody in violation of any statute of the United States or of any provision of the federal Constitution. We may assume, however, that the jurisdiction of the court below was invoked upon the allegation in the petition that the facts charged in the indictment are not sufficient to constitute a crime, for it is only upon a charge of crime that extradition may be resorted to under article 4, § 2, par. 2, of the Constitution. Pierce v. Creecy, 210 U. S. 387, 28 Sup. Ct. 714, 52 L. Ed. 1113.

[2] The appellee moved to dismiss the appeal on the ground that, since a question of the construction of the Constitution of the United States is involved, the appellate jurisdiction of the Supreme Court is exclusive. But that jurisdiction is not exclusive in cases where, as here, the appeal presents other questions than that of constitutional rights. In such a case, at the option of the appellant, the appeal may be taken to the Circuit Court of Appeals. American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859; MacFadden v. United States, 213 U. S. 288, 29 Sup. Ct. 490, 53 L. Ed. 801. The motion to dismiss must be denied.

[3] In extradition proceedings a large measure of credence and conclusiveness must be accorded to the proceeding before the Governor

upon whom the demand is made, for those proceedings are summary in character, the person demanded has no constitutional right to be heard, and the Governor's warrant for removal is sufficient "until the presumption of its legality is overthrown by contrary proof in a legal proceeding to review his action." Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515.

[4] Upon habeas corpus the sufficiency of the indictment, as a matter of technical pleading, will not be inquired into. Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; Pearce v. Texas, 155 U. S. 311, 15 Sup. Ct. 116, 39 L. Ed. 164; Bergemann v. Backer, 157 U. S. 655, 15 Sup. Ct. 727, 39 L. Ed. 845; Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515. Said the court in Pierce v. Creecy, 210 U. S. 387, 403, 28 Sup. Ct. 714, 719, 52 L. Ed. 1113:

"The Constitution does not require, as an indispensable prerequisite to interstate extradition, that there should be a good indictment, or even an indictment of any kind. It requires nothing more than a charge of crime."

[5] It is clear that the indictment in the present case contains a charge of crime. Section 5041, Annotated Code of 1897 of the state of Iowa, under the head of "False Pretenses," denounces a penalty upon any person who designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtains from another any money, goods or other property. The indictment here charges that the accused obtained from one Sargent a draft drawn on a bank of Iowa for $5,537, and that he did this designedly and by means of false pretenses and with intent to defraud, and alleges that the accused falsely and with intent to defraud, represented to Sargent that he (the accused) was then the owner of a certain described tract of land which was free and clear of incumbrance, and that he would warrant the same to the said Sargent against every person lawfully claiming the same, each and all of which representations the said Sargent believed and relied upon, when in truth the accused did not own the land, and the same was not free or clear of incumbrance.

[6] The indictment alleges that the offense was committed on June 7, 1909, and that from that date until the finding of the indictment, which was November 20, 1914, the accused has not been publicly a resident within the state of Iowa. The question of the alleged bar by the statute of limitations of Iowa is one that should be left to the decision of the courts of that state upon demurrer or motion in arrest of judgment. Pierce v. Creecy, supra.

[7] To the allegation of the petition that the petitioner was not in fact a fugitive from justice it is sufficient to refer to the language of the indictment which charges him with the actual commission of the offense in the state of Iowa. If he was in that state at the time when the offense was committed, he is, whenever he is thereafter found in another state, presumed to be a fugitive from justice, within the meaning of the Constitution and the laws of the United States, no matter for what purpose or reason, or under what circumstances, he left the state. Appleyard v. Massachusetts, 203 U. S. 222, 27 Sup. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073; McNichols v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121; Marbles v. Creecy, 215 U. S. 63, 30 Sup.

Ct. 32, 54 L. Ed. 92. That presumption might be overcome by proof that the petitioner was not in the state of Iowa at the time of the commission of the offense alleged. Hyatt v. Corkran, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; Bassing v. Cady, 208 U. S. 386, 28 Sup. Ct. 392, 52 L. Ed. 540, 13 Ann. Cas. 905. No such proof was produced, and although it appears that the order discharging the writ contains the following: "That the application for leave to introduce evidence herein be and the same is hereby denied"—it does not appear that the evidence so offered was for the purpose of showing that the petitioner was not in the state of Iowa at the time when the offense was alleged to have been committed. On the contrary, it appears from the assignments of error that the testimony was offered by the petitioner for the purpose of showing that he was publicly a resident within the state of Iowa for more than three years after the alleged commission of the crime, "and was therefore not a fugitive from justice."

We find no error. The order of the District Court is affirmed.

ROSS, Circuit Judge (concurring). My views upon the points involved in the present case were stated in the similar case of Ex parte Graham, reported in 216 Fed. 813. For the reasons there stated, I concur in the judgment here given in the present case.