## BOEHMER v. PENNSYLVANIA RAILROAD COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 191. Argued March 10, 11, 1920.—Decided April 19, 1920.

Section 4 of the Safety Appliance Act of 1893, in requiring grab irons or handholds "in the ends and sides of each car," should be interpreted and applied in view of practical railroad operations, and does

not mean that the handholds on the sides shall be supplied at all four corners, but is satisfied if they are placed at corners diagonally opposite. P. 498.

Whether a railroad company was negligent in not notifying a brakeman that a car was not supplied with handholds on its sides at all four corners, *held* a matter dependent on appreciation of peculiar facts concerning which this court will accept the concurrent judgment of the two courts below without entering upon a minute analysis of evidence. *Id.*

252 Fed. Rep. 553, affirmed.

THE case is stated in the opinion.

*Mr. Edwin C. Brandenburg* and *Mr. Thomas A. Sullivan* for petitioner.

*Mr. Frederic D. McKenney,* with whom *Mr. John Spalding Flannery* was on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Relying upon the Federal Employers' Liability Act, petitioner sought damages for personal injuries sustained by him November 8, 1915, while employed by respondent as brakesman. He claimed that the railroad was negligent in using a freight car not equipped with handholds or grab irons on all *four* outside corners; and also in failing to instruct him that he would be required to work about cars not so equipped. The car in question had secure and adequate handholds on the diagonally opposite corners. Being of opinion that this equipment sufficed to meet the commands of the statute and that, under the circumstances disclosed, failure to instruct the petitioner concerning possible use of such car did not constitute negligence, the trial court directed verdict for respondent.

The Circuit Court of Appeals affirmed the consequent judgment. 252 Fed. Rep. 553.

Section 4 of the Safety Appliance Act of 1893 (27 Stat. 531), provides:

"That from and after the first day of July, eighteen hundred and ninety-five, until otherwise ordered by the Interstate Commerce Commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars."

Petitioner insists that the Act of 1893 was designed for the safety of employees and specified grab irons or handholds in the end and sides of each car as one of the essential requirements. That while it did not specifically command that these should be placed at all four corners, this was the obvious intent. But the courts below concurred in rejecting that construction, and we cannot say they erred in so doing. Section 4 must be interpreted and applied in view of practical railroad operations; and having considered these the courts below ruled against petitioner's theory.

Likewise we accept the concurrent judgment of the lower courts that the carrier was not negligent in failing to give warning concerning the use of cars with handholds only at two diagonal corners. Whether this constituted negligence depended upon an appreciation of the peculiar facts presented, and the rule is well settled that in such circumstances where two courts have agreed we will not enter upon a minute analysis of the evidence. *Chicago Junction Ry. Co.* v. *King,* 222 U. S. 222.

The judgment is

*Affirmed.*