## HUTCHINSON, PIERCE & CO. v. LOEWY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND
CIRCUIT.

No. 182.    Argued April 29, 1910.—Decided May 16, 1910.

In a suit in the Circuit Court under the Trade-mark Act where diverse
citizenship does not exist the court's jurisdiction extends only to
the use of the registered trade-mark in commerce between the States
with foreign nations and the Indian Tribes.

Under §§ 17, 18, of the Trade-mark Act of February 20, 1905, c. 592,
33 Stat. 724, and § 6 of the Circuit Court of Appeals Act of March 3,
1891, c. 517, 26 Stat. 826, a final decision of the Circuit Court of Ap-
peals in a case brought under the Trade-mark Act can only be re-
viewed by this court upon certiorari.  *Atkins* v. *Moore,* 212 U. S.
284.

Appeal from 163 Fed. Rep. 42, dismissed.

THE facts, which involve the jurisdiction of this court of an
appeal from the Circuit Court of Appeals in a suit brought un-
der the Trade-mark Act of 1905, are stated in the opinion.

*Mr. Archibald Cox* for appellant:

On the question of jurisdiction of the appeal by this court:

This is the first appeal based on the fact that the jurisdic-
tion of the Circuit Court was founded on the Trade-mark Act
of February 20, 1905.

Appellant's right to this appeal depends upon that act and
the Judiciary Act of March 3, 1891, which latter act provides
for the distribution of the entire appellate jurisdiction of our
national judicial system.  *McLish* v. *Roff,* 141 U. S. 661;
*Macfadden* v. *United States,* 213 U. S. 288. An appeal lies
from the Court of Appeals to this court in all cases except those
wherein an appeal lies to this court direct from the court of
first instance and those wherein the decision of the Court of
Appeals is expressly made final.  That right of appeal is not

to be defeated by implication, but exists unless the decision of the Court of Appeals is "made final in terms" see *Press Publishing Co.* v. *Monroe,* 164 U. S. 105; *Werner* v. *Searle Hereth Co.,* 144 U. S. 47.

The Judiciary Act of March 3, 1891, applies equally to laws of the United States enacted before and after that date, *Spreckles Sugar Refining Co.* v. *McClain,* 192 U. S. 397; *Lau Ow Bew* v. *United States,* 144 U. S. 56, and under the Judiciary Act the Court of Appeals had appellate jurisdiction in the case at bar and an appeal could be taken to this court, because the jurisdiction of the Circuit Court rested on a law of the United States and the case was accordingly not a case in which the judgment of the Court of Appeals is made final in terms, but a case not expressly made final by the section.

The Trade-mark Act of 1905 is in no way inconsistent with the Judiciary Act of 1891 and does not make the decision of the Court of Appeals final. The provision as to the jurisdiction of courts in the Trade-mark Act was enacted following the Judiciary Act which contained words "manifestly inserted out of abundant caution in order that any qualification of the jurisdiction by contemporaneous or subsequent acts should not be construed as taking it away, except when expressly so provided. Implied repeals were intended to be thereby guarded against. *Lau Ow Bew* v. *United States, supra.*

With this before it Congress carefully avoided making the decision of the Court of Appeals final in trade-mark cases, as will be seen by comparing the words of the Judiciary Act and the Trade-mark Act.

There is nothing inconsistent. There is nothing making the decision of the Circuit Court of Appeals final. And it would seem that Congress took pains to leave the right of appeal to this court untouched.

The Trade-mark Act of 1905 also provides in § 18, that writs of certiorari may be granted by this court. This is not inconsistent with the right of appeal and is not unnecessary. The right of appeal to this court is limited by the Judiciary

Act to causes in which the amount involved exceeds one thousand dollars.  The provision for certiorari in cases under the Trade-mark Act applies regardless of the amount of the controversy.

*Mr. E. T. Fenwick* and *Mr. L. L. Morrill* for appellee.

Mr. Chief Justice Fuller delivered the opinion of the court.

This was a bill in equity for an injunction and accounting, the complainant alleging the defendant had infringed its technical trade-mark applied to shirts, and also was guilty of unfair competition.  As complainant is a corporation of the State of New York and defendant is a citizen of the same State, the court's jurisdiction extends only to the use of the registered trade-mark in commerce between the States, with foreign nations and the Indian tribes.

There was no attempt to prove that defendant had passed off, or intended to pass off, his goods for complainant's, or had made profits, or that complainant had sustained damage. The cause proceeded solely on complainant's ownership of its technical trade-mark.

The Circuit Court held that defendant's trade-mark or brand was clearly distinguishable from that of complainant, and said:

"There is no reasonable probability of the ordinary purchaser being deceived into buying the defendant's manufacture as that of complainant.  The rule is well established that a trade-mark, word or symbol has the elements of a property right and may not be unlawfully used by a rival in business either alone or as an accessory to such prior appropriation and in such cases a right to injunctive relief follows without proof of confusion of proprietorship or that buyers have been actually misled by such use.  But if a defendant's design or symbol is essentially different and distinguishable in appearance so

that by no possibility can his article be taken for complainant's genuine production, a cause of unlawful appropriation is not maintainable." 163 Fed. Rep. 44.

The bill was thereupon dismissed, and having been taken by appeal to the United States Circuit Court of Appeals for the Second Circuit, the decree below was affirmed. 163 Fed. Rep. 42.

Appellants thereupon petitioned for an appeal to this court, which was allowed.

Sections 17 and 18 of the act of Congress approved February 20, 1905, c..592, 33 Stat. 724, in respect to trade-marks, reads as follows:

"SEC. 17. That the Circuit and Territorial Courts of the United States and the Supreme Court of the District of Columbia shall have original jurisdiction, and the Circuit Courts of Appeal of the United States and the Court of Appeals of the District of Columbia shall have appellate jurisdiction of all suits at law or in equity respecting trade-marks registered in accordance with the provisions of this act, arising under the present act, without regard to the amount in controversy.

"SEC. 18. That writs of certiorari may be granted by the Supreme Court of the United States for the review of cases arising under this act in the same manner as provided for patent cases by the act creating the Circuit Court of Appeals."

We are of opinion that this appeal will not lie, and that the remedy by certiorari is exclusive. By the sixth section of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, 828, the final decisions of the Circuit Courts of Appeal are made final "in all cases under the patent laws, under the revenue laws, under the criminal laws and in admiralty cases," with power in this court to require any such cases to be certified thereto for its review and determination, "with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court."

We think that the language of § 18 places suits brought under the Trade-mark Act plainly within the scope of the act

establishing the Court of Appeals, and that a final decision of that court can be reviewed in this court only upon certiorari, and that therefore the pending appeal must be dismissed. And this conclusion is sustained by *Atkins* v. *Moore*, 212 U. S. 285, 291.

*Appeal dismissed.*