## STREET & SMITH, A COPARTNERSHIP, v. ATLAS MANUFACTURING COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No 618. Submitted November 10, 1913.—Decided December 1, 1913.

Judgments and decrees of the Circuit Courts of Appeals arising under the Trade-Mark Act of February 20, 1905, are reviewable by this court only on certiorari and not on appeal or writ of error; appeals in such cases are not allowed under § 128 of the Judicial Code.

The Judicial Code does not purport to embody all the law upon the subjects to which it relates. Sections 292, 294 and 297 expressly bear upon the extent to which the Code affects or repeals prior laws and to which such prior laws remain in force.

The intent of Congress, as indicated in the provisions of the Judicial Code relating to the jurisdiction of this court, was to extend rather than contract the finality of decisions of the Circuit Court of Appeals. By the act of February 20, 1905, Congress placed trade-mark cases arising under that statute upon the same footing as cases arising under the patent laws as respects the remedy by certiorari under the Circuit Court of Appeals Act.

While the Judicial Code supersedes the Circuit Court of Appeals Act, references in other statutes to the latter act now relate to the corresponding sections of the Judicial Code, as is expressly provided by § 292 of the Code.

Section 297 of the Judicial Code did not repeal § 18 of the Trade-Mark Act of February 20, 1905.

Appeal from 204 Fed. Rep. 398, dismissed.

THE facts, which involve the construction of the provisions of the Judicial Code affecting the jurisdiction of this court of appeals from judgments of the Circuit Court of Appeals in cases relating to trade-marks, are stated in the opinion.

*Mr. Hugh K. Wagner* and *Mr. Leonard J. Langbein,* for appellants, in support of petition for certiorari and in opposition to appellees' motion to dismiss or affirm:

The omission in the Judicial Code to make cases arising under the trade-mark registration statute final in the United States Circuit Courts of Appeals was not accidental, but intentional, as is shown by the fact that the foregoing clause of the act of March 3, 1891, is reënacted in the Judicial Code in the identical language of the 1891 statute with the exception of the insertion therein of the additional class of cases, viz., those arising "under the copyright laws."

Even if this were not so, where a provision is left out of a statute either by design or mistake of the legislature, the courts have no power to supply it, as to do so would be to legislate and not to construe. *Hobbs* v. *McLean,* 117 U. S. 567; *United States* v. *Goldenberg,* 168 U. S. 95, 102.

No mere omission or failure to provide for contingencies will justify judicial addition to a statute. *Glover* v. *United States,* 164 U. S. 295; *McKee* v. *United States,* 164 U. S. 287; *Beechwood* v. *Joplin-Pittsburgh Railway Co.,* 158 S. W. Rep. 868, 871.

*Mr. James Love Hopkins* and *Mr. Nelson Thomas* for appellees in opposition to petition for certiorari and in support of motion to dismiss or affirm.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is an appeal from a decree of a Circuit Court of Appeals directing the dismissal of a suit to enjoin infringement of a registered trade-mark and unfair trade. 204 Fed. Rep. 398. The decree was rendered and the appeal allowed after the Judicial Code, adopted March 3, 1911, 36 Stat. 1087, c. 231, became effective. Our jurisdiction is challenged by a motion to dismiss, and if we have jurisdiction it is solely because the case was in part one arising under the act of February 20, 1905, *infra,* under

which the trade-mark was registered. Whether in a case so arising the judgment or decree of a Circuit Court of Appeals may be reviewed by this court upon an appeal or writ of error, or only upon a writ of certiorari, is the question for decision.

Section 128 of the Judicial Code declares that, except as provided in §§ 239 and 240, "the judgments and decrees of the Circuit Courts of Appeals shall be final . . . in all cases arising under the patent laws, under the copyright laws, under the revenue laws, and under the criminal laws, and in admiralty cases." Section 239 permits the certification to this court of questions of law by a Circuit Court of Appeals concerning which it desires instruction for the proper decision of a case within its appellate jurisdiction, and is not important here. Section 240 reserves to this court the discretionary power to require, by certiorari, upon the petition of a party, that any case in which the decision of a Circuit Court of Appeals is made final by the Code be certified here for review and determination, with the same power and authority in the case as if brought here by appeal or writ of error. Section 241 declares that any case in which the decision of a Circuit Court of Appeals is not made final by the Code may be brought here, as of right, by appeal or writ of error, if the matter in controversy exceeds $1,000, besides costs.

These provisions, it is said by counsel for the appellants, enabled them to appeal, as of right, the statutory amount being involved, and did not remit them to the discretionary writ of certiorari; the argument being that § 128 enumerates the cases in which the decisions of the Circuit Courts of Appeals shall be final and does not include among them cases arising under the trade-mark laws, and that § 241 gives an appeal or writ of error, as of right, in any case in which the decision of the Circuit Court of Appeals is not thus made final, if, as here, the requisite amount is in controversy. If the question turned entirely

upon the code provisions relied upon, the argument probably would be convincing. But there are other statutory provisions which must be considered, some within and others without the Code.

The Code does not purport to embody all the law upon the subjects to which it relates. It contains some new provisions and some that are modifications of old ones, but much of it is merely a reënactment of prior laws with appropriate regard to their proper classification and orderly arrangement. Among others, it contains the following provisions bearing upon the extent to which it was intended to affect or repeal prior laws:

"SEC. 292. Wherever, in any law not contained within this Act, a reference is made to any law revised or embraced herein, such reference, upon the taking effect hereof, shall be construed to refer to the section of this Act into which has been carried or revised the provision of law to which reference is so made.

"SEC. 294. The provisions of this Act, so far as they are substantially the same as existing statutes, shall be construed as continuations thereof, and not as new enactments, and there shall be no implication of a change of intent by reason of a change of words in such statute, unless such change of intent shall be clearly manifest.

"SEC. 297. The following sections of the Revised Statutes and Acts and parts of Acts are hereby repealed: . . . [many sections, acts, and parts of acts are here enumerated] . . . Also all other Acts and parts of Acts, in so far as they are embraced within and superseded by this Act, are hereby repealed; the remaining portions thereof to be and remain in force with the same effect and to the same extent as if this Act had not been passed."

Sections 128, 239, 240, and 241 of the Code, as before described, substantially, almost literally, repeat the provisions of § 6 of the Circuit Courts of Appeals Act of March 3,

1891, 26 Stat. 826, c. 517.  There is but a single change deserving mention here, and it is that cases arising under the copyright laws are in § 128 added to the enumeration of cases in which the decisions of the Circuit Courts of Appeals are declared final.  But this has no bearing upon cases arising under the trade-mark laws, save as it indicates that Congress was extending, rather than contracting, the list of cases in which finality attaches to the decisions of the Circuit Courts of Appeals.  Passing this consideration, there is nothing in the Code denoting a purpose to change the existing appellate jurisdiction in trade-mark cases: it is left as it was before.

The Trade-Mark Act of February 20, 1905, 33 Stat. 724, c. 592, dealt with the subject we are considering.  By § 17 it invested the Circuit Courts of Appeals with appellate jurisdiction of cases arising under that act, and by § 18 declared that writs of certiorari might be granted by this court for the review of decisions of those courts in such cases "in the same manner as provided for patent cases" by the Circuit Courts of Appeals Act.  In placing such trade-mark cases upon the same footing as cases arising under the patent laws, as respects the remedy by certiorari, Congress undoubtedly intended that this remedy should have the same attributes in the one class of cases as in the other.  We already have seen that the Circuit Courts of Appeals act, in § 6, made it exclusive in cases arising under the patent laws.  Before the adoption of the Code, this court said in *Hutchinson, Pierce & Co.* v. *Loewy,* 217 U. S. 457, 460, a case like this: "We are of opinion that this appeal will not lie, and that the remedy by certiorari is exclusive. . . . We think that the language of § 18 places suits brought under the trade-mark act [February 20, 1905] plainly within the scope of the act establishing the Court of Appeals [March 3, 1891], and that a final decision of that court can be reviewed in this court only upon certiorari."

Of course, that case and this are not to be confused with others arising under earlier trade-mark laws not containing any provisions respecting appellate jurisdiction such as are embodied in the act of 1905.

The provisions of that act upon this subject are not. among those enumerated in § 297 of the Code as thereby repealed, and neither do they appear to have been embraced within and superseded by the Code. And while the Circuit Courts of Appeals Act, to which § 18 of the act of 1905 makes reference, has been superseded by being incorporated into the Code, that section has not thereby lost any of its original effect, for § 292 of the Code requires the reference to be construed as if naming the very sections of the Code into which the Circuit Courts of Appeals act has been carried.

It follows that the motion to dismiss the appeal must be sustained, as was done in *Hutchinson, Pierce & Co.* v. *Loewy, supra.*

*Appeal dismissed.*