## G. & C. MERRIAM COMPANY *v.* SYNDICATE PUBLISHING COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 217. Argued April 14, 1915.—Decided June 1, 1915.

In a case where diverse citizenship exists, the decree of the Circuit Court of Appeals is final unless in addition to the allegations of diverse citizenship, the bill contains averments of a cause of action, and consequent basis of jurisdiction, arising under the Constitution or laws of the United States.

If the jurisdiction of the District Court was invoked on the ground of diversity of citizenship, and averments as to a Federal right are unsustainable and frivolous, or foreclosed by former adjudication of this court, the appeal from the judgment of the Circuit Court of Appeals must be dismissed.

Where the jurisdiction below rests on diverse citizenship, averments of unfair trade, which do not contain any elements of a cause of action under the Federal Constitution or statutory law, afford no basis for jurisdiction of this court of an appeal from the decree of the Circuit Court of Appeals.

The Trade-mark Act of 1881 expressly denied the right of an applicant to obtain a trade-mark on his own name, or to acquire in a proper name trade-mark rights not recognized at common law.

The Trade-mark Act of 1905 does recognize the right to obtain trademarks in a proper name when the same has been in use under specified conditions for ten years, but makes the judgment of the Circuit Court of Appeals final in cases arising under the Act. *Street & Smith* v. *Atlas Co.*, 231 U. S. 348.

As is the case with patents, so after the expiration of copyright securing the exclusive right of publication, the further use of the name by which the publication was known and sold cannot be acquired by registration as a trade-mark. *Merriam* v. *Hollaway Co.*, 43 Fed. Rep. 450, approved; and see *Jane* v. *Singer Manufacturing Co.*, 163 U. S. 169.

The word "Webster" was not subject to registration as a trade-mark under the act of 1881, and a contention based on an attempted registration affords no jurisdiction for this court to review a judgment of the Circuit Court of Appeals, having been precluded by prior decisions of this court.

Appeal from 207 Fed. Rep. 515, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from judgments of the Circuit Court of Appeals, in cases involving rights under the Trade-mark Acts of 1881 and 1905, are stated in the opinion.

*Mr. William B. Hale* for appellant.

*Mr. Hugh A. Bayne*, with whom *Mr. Wade H. Ellis, Mr. R. Golden Donaldson* and *Mr. Challen B. Ellis* were on the brief, for appellee.

MR. JUSTICE DAY delivered the opinion of the court.

This suit was brought by complainant to enjoin the defendant from the use of the name "Webster" as a trademark and trade-name, when applied to the sale of dictionaries of the English language. A decree was entered dismissing the bill in the United States District Court (207 Fed. Rep. 515). This decree was affirmed upon ap-

peal to the Circuit Court of Appeals for the Second Circuit (207 Fed. Rep. 515), and from the latter decree an appeal was taken to this court.

The original bill set up at great length the origin and history of the Webster dictionary publications, the succession of the complainant to the ownership of the rights of publication, and the various copyrights which had been taken out from time to time to protect the use of the name "Webster," as applied to dictionaries of the English language, and facts were set out in detail concerning the various publications which the complainant and its predecessors had made from time to time. The bill, in its original form, relied upon the secondary meaning which, it was alleged, the history of the publications had established in the name "Webster," as applied to English dictionaries, and it was alleged that the exclusive right to use that name in such connection had become the property of the complainant, and entitled it to protection against those who used the word in such manner as to cause their publications to be purchased as and for the publications of the complainant. It was charged that the respondent belonged to the class of persons wrongfully using the name thus acquired, and facts in detail were set forth to support this contention of unfair competition in trade. After the bill was filed an amendment was added setting up the ownership in complainant of certain trade-marks, duly registered in the Patent Office of the United States, in accordance with the statutes in such case made and provided. The amendment alleges the registration of two trade-marks under the Act of Mar. 3, 1881 (c. 138, 21 Stat. 502), and of eight trade-marks under the Act of Feb. 20, 1905 (c. 592, 33 Stat. 724), and it was charged that the defendant used and imitated the complainant's trade-marks upon Webster's dictionaries, by affixing the word "Webster" to dictionaries in a manner closely imitating complainant's registered trade-marks or one of

them, the natural tendency of such acts being to deceive the public and to pass off defendant's dictionaries as and for the dictionaries of the complainant. The prayer of the bill was amended so as to ask relief by injunction against the defendant from in any manner copying, imitating, or infringing any of complainant's registered trade-marks. The bill as amended therefore rested upon (1) allegations tending to establish unfair competition in trade, (2) trade-marks registered under the Act of 1881, and (3) trade-marks registered under the Act of 1905.

A motion to dismiss the appeal was made and passed for consideration to the argument upon the merits, which has now been had.

The Circuit Court of Appeals' decree, affirming the decree of the District Court, was final unless, in addition to the allegations of diverse citizenship which were contained in the bill, there was an averment of a cause of action and consequent basis of jurisdiction arising under the Constitution or statutes of the United States. *Macfadden* v. *United States*, 213 U. S. 288; *Shulthis* v. *McDougal*, 225 U. S. 561. If the jurisdiction of the District Court was invoked on the ground of diversity of citizenship, and the averment as to a right arising under the Federal Constitution or statutes was unsubstantial and without real merit, either because of its frivolous character upon its face, or from the fact that reliance was based upon a claim of Federal or statutory right denied by former adjudications of this court, then the appeal to this court must be dismissed. *Newburyport Water Co.* v. *Newburyport*, 193 U. S. 561, 576; *Equitable Life Assurance Society* v. *Brown*, 187 U. S. 308, 311.

So far as concerns the allegations of unfair competition in trade, upon which the bill mainly rests, such averments contain no element of a cause of action arising under the Federal Constitution or statutory law. The registered trade-marks, an essential part of which covers the use of

the word "Webster" as applied to dictionaries of the English language, were registered some under the Act of 1881 and some under the Act of 1905. In the latter act there is a recognition of the right to obtain a trade-mark upon a proper name, when the same has been in use for ten years under conditions named in the statute. That act was before this court in *Thaddeus Davids Co.* v. *Davids*, 233 U. S. 461, and the distinction between it and former acts was pointed out, particularly in that the Act of 1905 gave the right to the use of ordinary surnames as a trade-mark, which right did not exist under the prior legislation. The Act of 1905 contains provisions making the jurisdiction of the Circuit Court of Appeals final. *Street & Smith* v. *Atlas Co.*, 231 U. S. 348.

The Act of 1881 expressly denied the right of an applicant to obtain a trade-mark upon his own name, and gave no recognition to the right to a trade-mark in a proper name, nor did it confer authority to register such name and thereby acquire a right not recognized at common law. *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540, 542; *Elgin Watch Co.* v. *Illinois Watch Co.*, 179 U. S. 665; *Howe Scale Co.* v. *Wyckoff*, 198 U. S. 118, 134, **135.**

Moreover, it appears upon the face of the bill that the registration of the trade-marks relied upon, having the name "Webster" as applied to dictionaries of the English language as their chief characteristic, was made long after the expiration of the copyright securing to the publishers the exclusive right to publish the Webster dictionaries. After the expiration of a copyright of that character, it is well-settled that the further use of the name, by which the publication was known and sold under the copyright, cannot be acquired by registration as a trade-mark; for the name has become public property, and is not subject to such appropriation. Such was the decision of Mr. Justice Miller, sitting at circuit, in the first of what may be called the Webster Dictionary Cases,—*Merriam* v.

*Holloway Pub. Co.*, 43 Fed. Rep. 450. In that case, the learned justice in vigorous terms denied the right to appropriate as a trade-mark the designation "Webster's Dictionary" after the expiration of the copyright. To the same effect is *Merriam* v. *Famous Shoe & Clothing Co.*, 47 Fed. Rep. 411. These cases were cited with approval in the opinion in *Singer Manufacturing Co.* v. *June Manufacturing Co.*, 163 U. S. 169, in which case the subject was fully considered, and the cases, American and foreign, were reviewed; the conclusion being reached that on the expiration of a patent there passed to the public not only the right to make the machine in the form covered by the letters patent, but along with the public ownership of the device described there necessarily passed to the public the generic designation of the thing which had arisen during the life of the monopoly. As the cases cited in the opinion in that case show, this doctrine is no less applicable to the expiration of a copyright, upon the termination of which there passes to the public the right to use the generic name by which the publication has been known during the existence of the exclusive right conferred by the copyright. In the *Singer Case*, at page 202, the same doctrine was applied to a trade-mark containing the word "Singer" and attempted to be used as one of the constituent elements of a trade-mark.

In that case while the right of another, after the expiration of the monopoly, to use the generic designation was recognized, it was also stated that its use must be such as not to deprive the original proprietor of his rights, or to deceive the public, and that such use of the name must be accompanied with indications sufficient to show that the thing manufactured or sold is the work of the one making it, so that the public may be informed of that fact,—this latter consideration arising from the use of the name as designating the production of the original owner, and in order to prevent confusion and unfair trade, and

the wrongful appropriation of another's rights. As we have already said, the feature of the case involving unfair competition in trade came within the jurisdiction of the District Court because of diverse citizenship, and the right of appeal was limited to the Circuit Court of Appeals.

From what has been said, it follows that the name "Webster" was not subject to appropriation or registration as a trade-mark, under the Act of 1881, and the contention to the contrary as a basis for jurisdiction in the District Court was devoid of substantial merit and was foreclosed by previous decisions of this court. In reaching this conclusion, we have not overlooked the cases relied upon by the complainant, cited in opposition to the motion to dismiss for want of jurisdiction, in which this court has held that where jurisdiction was invoked upon diverse citizenship and also because of alleged rights arising from the Federal Trade-Mark Statute (c. 138, 21 Stat. 502) of 1881, this court has jurisdiction upon appeal from the Circuit Court of Appeals—*Warner* v. *Searle & H. Co.*, 191 U. S. 195; *Standard Paint Co.* v. *Trinidad Asphalt Co.*, 220 U. S. 446; *Baglin* v. *Cusenier Co.*, 221 U. S. 580; *Jacobs* v. *Beecham*, 221 U. S. 263. These cases are readily distinguishable from the one at bar, in which there was an attempt to register and obtain a statutory trade-mark upon a proper name, which registration was also long after the expiration of the copyright embodying the same designation as its distinguishing feature.

It follows that this appeal must be dismissed for want of jurisdiction.

                                            *Dismissed.*