# DEPOILLY *v.* PALMER.

CRIMINAL LAW; EXTRADITION; HABEAS CORPUS; FUGITIVE FROM JUSTICE.

1. In a habeas corpus proceeding for the discharge of a party held under a requisition for his extradition, the court below cannot consider matters of defense to the indictment found in the foreign jurisdiction, nor inquire into the motive and purpose of the extradition proceeding.

2. To be a fugitive from justice, within the meaning of U. S. Rev. Stat. sec. 5,278 (U. S. Comp. Stat. 1901, p. 3597), relative to the extradition of persons accused of crime, it is not necessary that the party charged should have left the State in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a State committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense he has left its jurisdiction and is found within the territory of another. (Following *Hayes* v. *Palmer,* 21 App. D. C. 458.)

3. Evidence offered by a party whose extradition is sought in order that he may be tried on an indictment in a State court, in support of his claim that he is not a fugitive from justice, is properly rejected when to the effect that he resided in the demanding State for more than three years after the alleged commission of the offense there. (Following *Howgate* v. *United States*, 7 App. D. C. 242.)

No. 1717.   Submitted October 16, 1906.   Decided November 20, 1906.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia dismissing his petition for the writ of habeas corpus, discharging the writ, and remanding him to the custody of the United States marshal.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Henry J. Depoilly, the appellant, on June 4, 1906, in the supreme court of this District, filed his petition for the writ of habeas corpus, saying that he was unlawfully restrained by Aulick Palmer, United States marshal for this District, the appellee, by virtue of a demand made by the governor of New York for his return to that State to answer an indictment wherein he stands charged with the crime of rape in the second degree, a crime under the laws of that State, committed in the borough of Manhattan, in the county of New York, in said State; and the governor of New York certifies that it has been represented to him that Depoilly has fled from the justice of said State.

The petitioner denied that the facts alleged in said indictment are true, and avers that Depoilly is not a fugitive from the justice of New York, and the petitioner prays for the writ of habeas corpus, which was granted on the same day by the chief justice of the supreme court of this District. Marshall Palmer, the appellee, produced Depoilly in court, and further made his return, stating that on June 4, 1906, the chief justice of the supreme court of the District of Columbia issued his warrant to respondent for the arrest of Depoilly in response to a requi-

sition from the governor of New York charging Depoilly with the crime of rape committed in New York; and thereupon the respondent arrested Depoilly and took him before the said chief justice, who, after inquiry, determined that Depoilly is a fugitive from the justice of the State of New York, and made an order directing the respondent to turn Depoilly over to the agent of the State of New York; and the respondent averred that he holds Depoilly by virtue of said warrant of arrest and of said order for the purpose of turning him over to the State of New York. The marshal made this warrant and order and the other papers in said requisition part of his return. These papers include the requisition from the governor of New York; the application for a requisition made by the acting district attorney of New York county; and the warrant for the arrest, issued by the clerk of the court of general sessions in and for the county of New York upon the indictment found May 29, 1906, in said court, charging Depoilly with said crime. The indictment, duly certified by the clerk of said court, in the first count charges the commission by Henry Depoilly on May 10, 1902, in the borough of Manhattan, of the city of New York, in the county of New York, of the crime of rape in the second degree upon Lillian Ruth Nocke; and in the second count, on the same day and at the same place, with an assault upon Lillian Ruth Nocke, a female under the age of eighteen years, with intent to perpetrate an act of sexual intercourse with her; and in the third count charges Depoilly, on the same day and at the same place, with feloniously taking said Lillian Ruth Nocke, a female under the age of eighteen years, for the purpose of sexual intercourse, Depoilly not being her husband. There was an affidavit of Christina May Depoilly, deposing that Henry Depoilly was at the place mentioned in the indictment on May 10, 1902; also an affidavit of Estelle O'Connor, the principal complaining witness upon the indictment, deposing that Henry Depoilly feloniously raped her daughter, aged four years, and that after the commission of said crime Depoilly became a fugitive from justice, and that the application for requisition is made in good

faith, for the sole purpose of punishing the accused. The chief
justice heard this cause upon the petition, the writ of habeas
corpus, and the return thereto, and the joinder of issue, and or-
dered that the petition be dismissed, the writ discharged, and
the petitioner remanded to the custody of the marshal, and final-
ly ordered that said Depoilly be surrendered to the agent of the
State of New York, to be conveyed to the county of New York,
in said State, there to answer the charge of rape in the second
degree, set forth in said requisition. From the said order dis-
missing the petition, discharging the writ, and remanding the
petitioner to the custody of the respondent, the petitioner, De-
poilly, appealed to this court.

Upon the bill of exceptions it appears that, at the hearing
of the petition of Depoilly before said chief justice, it was ad-
mitted that the petitioner was the person named in the requisi-
tion, and that he was in the city of New York on May 10, 1902,
the date when the offense mentioned in the indictment is there-
in charged to have been committed.

The petitioner offered to prove that he was living in the city
of New York, and was there on May 10, 1902, and remained
in said city or other places in the State of New York from time
to time thereafter until August 1, 1905, when he came to this
District and engaged in business, and here he has since re-
mained; that Estelle O'Connor, the mother of Lillian Ruth
Nocke, knew of his whereabouts; that he was not a fugitive from
justice, having remained in the State of New York for more
than three years after May 10, 1902; that the charge was
"trumped up" to aid a divorce proceeding instituted against him
by his wife, who is the sister of Estelle O'Connor, from whom
he received several letters demanding money; that Estelle
O'Connor also wrote threatening letters, and also a letter tend-
ing to show that the petitioner had committed no offense. The
court refused to permit the petitioner to introduce this evidence,
and the appellant excepted, and thereupon the court made the
final order before mentioned.

*Mr. Walter P. Plumley* for the appellant.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* and *Mr. Hugh F. Taggart,* Assistants, for the United States appellees.


Mr. Justice McComas delivered the opinion of the Court:


The appellant insists that the court below erred in making the final order appealed from, and in refusing the evidence proffered to show the motive of the appellant in leaving the State of New York, and to prove that he was not a fugitive from its justice.

The learned court below committed no error. The question raised has been determined by this court, and has been finally settled by the Supreme Court. It is clear that the proceedings under the requisition were in accordance with the U. S. Rev. Stat. sec. 5278 (U. S. Comp. Stat. 1901, p. 3597), and of the District Code, sec. 930 [31 Stat. at L. 1340, chap. 854] The legal sufficiency of the indictment is only to be determined by the court in which it was found. *Benson* v. *Henkel,* 198 U. S. 10, 49 L. ed. 922, 25 Sup. Ct. Rep. 569, and cases there cited. Were it not so, the indictment could not be attacked collaterally as proposed, and by a series of proffered proofs which would not be admissible evidence upon any ground. In habeas corpus proceedings for the discharge of Depoilly, held under this requisition, the court below could not consider matters of defense to this indictment, nor inquire into the charge that the requisition proceedings were instigated by malice. The court could not inquire into the motive and purpose of this extradition proceeding. *Re Sultan,* 115 N. C. 62, 28 L.R.A. 294, 44 Am. St. Rep. 433, 20 S. E. 375; *Re Bloch,* 87 Fed. 984.

The main proposition relied upon by appellant's counsel is that it was not made to appear that Depoilly was a fugitive from justice. In this case, before the chief justice of the court below passed the final order here appealed from, it must have appeared to him, first, that Depoilly was substantially charged with a crime against the laws of the State of New York, from whose

justice he is alleged to have fled, by this indictment, admittedly duly certified as authentic by the governor of New York, who made the demand for the surrender of Depoilly as a fugitive from justice under U. S. Rev. Stat. sec. 5278; and, second, that Depoilly, thus demanded by the governor of New York, is a fugitive from the justice of that State. The first of these prerequisites is a question of law, and in the case before us was not in dispute. The second is a question of fact which the chief justice of this District, upon whom this demand was made, had to decide upon evidence satisfactory to him. The evidence proffered and rejected was irrelevant and immaterial. Depoilly admitted that he was the person charged with the crime described in the indictment; that he was within the State of New York at the time the crime is alleged to have been committed; that he thereafter left New York and was found in this District. "To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is not necessary that the party charged should have left the State in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a State committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense he has left its jurisdiction and is found within the territory of another." *Roberts* v. *Reilly,* 116 U. S. 97, 29 L. ed. 549, 6 Sup. Ct. Rep. 291.

The precise question was settled by this court and exhaustively discussed in *Hayes* v. *Palmer,* 21 App. D. C. 458. See also *Hyatt* v. *New York,* 188 U. S. 691, 718, 47 L. ed. 657, 664, 23 Sup. Ct. Rep. 456.

The appellant's counsel emphasizes the alleged fact that Depoilly, for more than three years after the alleged date of the crime with which he is charged, resided in New York.

The statute of limitations as a defense, under U. S. Rev. Stat. sec. 1044 (U. S. Comp. Stat. 1901, p. 725), and under U. S. Rev. Stat. sec. 1045 (U. S. Comp. Stat. 1901, p. 726), and the

definition of a person "fleeing from justice," are fully discussed in *Howgate* v. *United States,* 7 App. D. C. 242, and in *Streep* v. *United States,* 160 U. S. 128, 40 L. ed. 365, 16 Sup. Ct. Rep. 244. But the criminal charge whereon Depoilly's extradition was demanded is not pending in a Federal court, and is not barred by the Federal statute of limitations; and, further, such matters of defense, and all other matters of defense, must be determined by the court where the appellant is to be tried upon the indictment. The judgment of the court below must be affirmed, with costs.