## MARBLES *v.* CREECY, CHIEF OF POLICE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 23. Submitted November 5, 1909.—Decided November 15, 1909.

The executive of a State upon whom a demand is made for the surrender of a fugitive from justice may act on the papers in the absence of, and without notice to, the accused, and it is for that executive to determine whether he will regard the requisition papers as sufficient proof that the accused has been charged with crime in, and is a fugitive from justice from, the demanding State, or whether he will demand, as he may if he sees fit so to do, further proof in regard to such facts.

A notice in the requisition papers that the demanding State will not be responsible for any expenses attending the arrest and delivery of the fugitive does not affect the legality of the surrender so far as the rights of the accused under the Constitution and laws of the United States are concerned.

The executive of the surrendering State need not be controlled in the discharge of his duty by considerations of race or color, or, in the

absence of proof, by suggestions that the alleged fugitive will not be fairly dealt with by the demanding State.

On *habeas corpus* the court can assume that a requisition made by an executive of a State is solely for the purpose of enforcing its laws and that the person surrendered will be legally tried and adequately protected from illegal violence.

THE facts are stated in the opinion.

*Mr. George D. Reynolds* for appellant:

The provisions of § 5278, Rev. Stat., will be strictly construed and all the requirements of the statute must be respected. *Ex parte Hart*, 63 Fed. Rep. 259; *Ex parte Morgan*, 20 Fed. Rep. 298; *Kentucky* v. *Dennison*, 24 How. 66.

The following facts should have been clearly stated in the warrant issued by the Governor of surrendering State to show that it is issued in a case authorized by law and the power to issue the warrant depends upon the following facts:

1. That the person is charged in some State or Territory of the United States with treason, felony or other crime.

2. That he had fled from justice and was found to be a fugitive from justice.

3. That he was found in the State.

4. That the executive authority of the State from which he fled had demanded his delivery to be removed to the State having jurisdiction of the crime.

If the warrant omits to state that the person has fled from justice or that he is found in the asylum it is defective. *Matter of Romaine*, 23 California, 585, 592.

The executive of the asylum State is not required by the act of Congress to cause the arrest of appellant and his delivery to the agent appointed to receive him without proof of the fact that he was a fugitive from justice. *Ex parte Reggel*, 114 U. S. 642.

A warrant for arrest and return must recite and set forth the evidence necessary to authorize the state executive to issue it and unless it does it is illegal and void and the warrant is-

sued by the Governor of surrendering State should have stated that as such governor. he had found appellant to have been a fugitive from justice. *In re Doo Woon,* 18 Fed. Rep. 898; *Kentucky* v. *Dennison,* 24 How. 66; *Ex parte Smith,* 3 McLean, 121.

Where the warrant alone is before the court and is insufficient on its face the prisoner must necessarily be discharged. *Standahl* v. *Richardson,* 34 Minnesota, 115; *Ex parte Powell,* 20 Florida, 806.

The warrant must recite that the person charged is a fugitive from justice and it is not enough that it state that the demanding executive has represented him to be such. *In re Jackson,* 2 Flippin, 183.

In a petition for a writ of *habeas corpus* verified by the oath of the petitioner as required by § 754, Rev. Stat., facts duly alleged may be taken to be true unless denied by the return or controlled by other evidence, and in this case the return of the jailor did not deny that the prisoner was not present in the demanding State at the time when the crime was alleged to have been committed. *Whitten* v. *Tomlinson,* 160 U. S. 231.

There was no appearance or brief for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

The appellant Marbles was indicted in the Circuit Court of Warren County, Mississippi, for the crime of having, in violation of the laws of Mississippi, made a deadly assault with the willful and felonious intent to kill and murder the person assaulted. Miss. Code, § 1043. The deputy sheriff of the county furnished a certified copy of the indictment to the Governor of Mississippi, as well as his affidavit that Marbles was a fugitive from the justice of that State and had taken refuge in Missouri, and applied for a requisition upon the Governor of Missouri for the arrest of the alleged criminal and his delivery to the agent of Mississippi, to be conveyed to the

latter State and there dealt with according to law. There-
upon the Governor of Mississippi issued his requisition, in the
ordinary form, except that there was in it this unusual, not
to say, extraordinary, provision: "This State will not be re-
sponsible for any expense attending the execution of this req-
uisition for the arrest and delivery of fugitives from justice."

The Governor of Missouri honored the requisition made
upon him and issued his warrant for the arrest of Marbles
and his delivery to the designated agent of Mississippi. That
warrant recited the fact that the accused was proceeded
against as a fugitive from justice, and that the Governor of
Mississippi had, as required by the statute of the United States,
produced to the Governor of Missouri a copy of the indict-
ment certified to be authentic, and charging the fugitive with
having committed the crime of assault to kill. Rev. Stat.,
§ 5278.

Marbles was arrested under this warrant, and, being in
custody, sued out a writ of *habeas corpus* from one of the
judges of the Circuit Court of the United States for his dis-
charge upon the ground that he was deprived of his liberty
in violation of the Constitution of the United States. The
application for the writ was heard in that court. The reasons
assigned in support of the contention just stated were: That
the Governor of Missouri had no jurisdiction to issue a war-
rant for his arrest, in that it was not shown before that officer
that the accused was a fugitive from the justice of Mississippi,
or had fled from that State, nor was there any evidence before
the Governor of Missouri that the petitioner was personally
or had been continuously present in Mississippi when the
crime in question was alleged to have been committed; that
it appeared on the face of the indictment accompanying the
requisition that no crime under the laws of Mississippi was
legally charged or had been committed by the accused; that
it did not appear before the Governor of Missouri, when the
requisition was presented to him, that the petitioner was, in
fact, a fugitive from the justice of Mississippi; that said req-

uisition was not certified to as required by the laws of the United States; that there was not produced to that executive a copy of any indictment or affidavit certified as authentic by the Governor of Mississippi; and that the petitioner was not present before the Governor of Missouri at the hearing before·him of the warrant of extradition, nor was he given an opportunity to meet the witnesses face to face.

No reason whatever was shown on the hearing of the application for *habeas corpus* for the discharge of the accused from custody—nothing that showed any failure to conform to the requirements of the Constitution or laws of the United States. The material allegations of fact set forth in the application for the writ are wholly unsupported by anything in the record; indeed, some of them are affirmatively disproved by the record. No proof at all appears to have been made by the accused of any essential fact, and the decision of the court must have been based altogether upon the same official documents that were presented to the Governor of Missouri supported by the legal inferences to be drawn from their contents. It was made to appear by those documents that the accused was charged by indictment with a specified crime against the laws of Mississippi (Miss. Code, § 1043) and had become a fugitive from the justice of that State. That was legally sufficient, without more, to authorize a requisition, and when the Governor of Missouri was furnished, as he was, with a copy of the indictment against Marbles, certified by the Governor of Mississippi to be authentic, it then became the duty of the Governor of Missouri, under the Constitution and laws of the United States, to cause the arrest of the alleged fugitive. So reads the statute enacted in execution of the constitutional provision relating to fugitives from justice. Rev. Stat., § 5278. It is true that it does not appear from the record before us that there was any evidence before the Governor of Missouri other than the requisition of the Governor of Mississippi and a copy of the indictment against the alleged fugitive, certified to be authentic. It is also true that, so far

as the Constitution and laws of the United States are con-. cerned, the Governor of Missouri could not legally have issued his warrant of arrest unless the accused was charged with what was made by Mississippi a crime against its laws and . was a fugitive from justice. But those facts were determinable in any way deemed satisfactory by that executive, and he was not bound to demand—although he may have required if the circumstances made it proper to do so—proof apart from proper requisition papers that the accused was so charged and was a fugitive from justice. He was, no doubt, at liberty to hear independent evidence showing that the act with which the accused was charged by indictment was not made criminal by the laws of Mississippi and that he was not a fugitive from justice. No such proof appears to have been offered to the Governor or to the court below. But the official documents, reasonably interpreted, made a *prima facie* case against the accused as an alleged fugitive from justice and authorized that executive to issue his warrant of arrest as requested by the Governor of Mississippi. The contention that the Governor of Missouri could not act at all on the requisition papers in the absence of the accused and without previous notice to him is unsupported by reason or authority, and need only be stated to be rejected as unsound.

The principles here announced are firmly established by the decisions of this court. *McNichols* v. *Pease,* 207 U. S. 100; *Ex parte Reggel,* 114 U. S. 642, 652, 653; *Roberts* v. *Reilly,* 116 U. S. 80, 95; *Hyatt* v. *Corkran,* 188 U. S. 691, 719; *Munsey* v. *Clough,* 196 U. S. 364, 372; *Pettibone* v. *Nichols,* 203 U. S. 192; *Appleyard* v. *Massachusetts,* 203 U. S. 222.

Other questions may be noticed. One is, in effect, that the requisition of the Governor of Mississippi was invalid because of the clause or provision therein that that State would not be responsible for any expense attending the arrest and delivery of the alleged fugitive. We will not indulge in conjecture as to the object of inserting that clause in the requisition; particularly, as the State of Mississippi is not represented in

this court by counsel. It is sufficient now to say that the warning given to the Governor of Missouri that Mississippi would not be responsible for any expense attending the arrest and delivery of the alleged fugitive was a matter for the consideration of the Governor of the former State when he received the official demand for the arrest and delivery of the appellant as a fugitive from justice and a copy of the indictment against Marbles, certified as authentic. It was not a matter that could legally affect the inquiry before the Circuit Court on *habeas corpus*, whether the requisition of the demanding State and the action thereon by the Governor of Missouri were in substantial conformity with the Constitution and the laws of the United States, and, therefore, not in any legal sense hostile to the liberty of the accused.

The other question to be noticed is that raised by the following averments in the application for the writ of *habeas corpus:* "Your petitioner further states that he is a negro, and that the race feeling and race prejudice is so bitter in the State of Mississippi against negroes that he is in danger, if removed to that State, of assassination and of being killed, and that he cannot have a fair and impartial trial in any of the courts of that State, and that to deliver him over to the authorities of that State is to deprive him, as a citizen of the United States and a citizen and resident of the State of Mississippi, of the equal protection of the laws." It is clear that the executive authority of a State in which an alleged fugitive may be found, and for whose arrest a demand is made in conformity with the Constitution and laws of the United States, need not be controlled in the discharge of his duty by considerations of race or color, nor by a mere suggestion—certainly not one unsupported by proof, as was the case here—that the alleged fugitive will not be fairly and justly dealt with in the State to which it is sought to remove him nor be adequately protected, while in the custody of such State, against the action of lawless and bad men. The court that heard the application for discharge on writ of *habeas corpus* was entitled to

assume, as no doubt the Governor of Missouri assumed, that the State demanding the arrest and delivery of the accused had no other object in view than to enforce its laws, and that it would, by its constituted tribunals, officers and representatives, see to it not only that he was legally tried, without any reference to his race, but would be adequately protected while in the State's custody against the illegal action of those who might interfere to prevent the regular and orderly administration of justice.

We perceive no error of law in the record and the judgment of the Circuit Court must be affirmed.

*It is so ordered.*