## Ex parte GRAVES.

(District Court, D. Massachusetts. December 13, 1920.)

No. 1920.

1. **Habeas corpus ☞45(5)—Accused should prosecute writ of error to state court's action.**

    Where accused, held under a warrant for extradition to another state, instituted habeas corpus proceedings in the state courts, in which he raised or could have raised the questions involving his rights under United States laws and Constitution, he should prosecute a writ of error to review the decision of the highest court in the state, remanding him to custody, before invoking the jurisdiction of the federal courts on new proceedings for habeas corpus.

2. **Extradition ☞35—Habeas corpus ☞85(2)—Evidence that accused was at scene of crime is sufficient; petitioner must show he was not in demanding state at any time when he could have committed crime charged.**

    Where the indictment charged that accused and other persons entered into a criminal conspiracy to destroy buildings in another state by the unlawful use of explosives, and there was evidence before the Governor of the state, in which the accused was arrested that on the day specified such an explosion took place, and that accused was present at the scene of the crime, the evidence was more than it was necessary for the demanding state to present to secure the extradition of accused and petitioner is not entitled to be discharged on habeas corpus, unless he shows he was not in the demanding state at any time when it was possible for him to have committed the crime charged in the indictment; it is an alibi to possibility.

3. **Habeas corpus ☞92(2)—Objection that indictment does not state whether it is under common law or statute cannot be raised.**

    In habeas corpus proceedings to procure release of accused from custody under award for extradition, the objection that the indictment was defective, because it did not show whether the offense charged was a violation of the common law or of a statute, cannot be raised.

4. **Habeas corpus ☞92(2)—Accused cannot attack demanding warrant for refusal to pay expenses.**

    The objection that the warrant of the demanding state explicitly provides that that state shall not be responsible for the expenses of extradition is a matter for the sole consideration of the Governor of the asylum state and cannot affect an inquiry on habeas corpus proceedings to determine whether the extradition proceedings were in substantial conformity with the Constitution and laws of the United States.

5. **Habeas corpus ☞113(3)—Appeal not allowed, where questions were authoritatively settled.**

    Where all the questions raised in proceedings for habeas corpus to secure discharge from a warrant for extradition had been previously settled by decision of the United States Supreme Court and of the highest court in the state, and there was no doubtful question of fact, so that an appeal would be frivolous, no appeal will be allowed.

Petition by Edwin E. Graves for writ of habeas corpus. Petition dismissed.[1]

---

[1] The petitioner subsequently applied to Chief Justice Rugg of Massachusetts and to Mr. Justice Holmes of the United States Supreme Court to allow a writ of error to the Supreme Judicial Court of Massachusetts, and the applications were refused. Thereafter he applied to the senior Circuit Judge of the First Circuit (Judge Bingham) to allow an appeal from the foregoing decision, and it was allowed.

Frederick W. Mansfield, of Boston, Mass., for petitioner.
J. Weston Allen, Atty. Gen., for respondent Keating.

MORTON, District Judge. This is a petition for habeas corpus. The petitioner is held by the Massachusetts authorities under a warrant issued by the Governor of Massachusetts for rendition to the state of Illinois. The question is whether the petitioner's rights under the Constitution and laws of the United States have been disregarded. The case was heard upon the petition, motion to dismiss, and answer, and such evidence was introduced as either party desired to offer. The petitioner moved for a jury trial. But the fundamental facts on which the present controversy turns are not in dispute, and I think that the motion should not be granted. It is denied.

[1] The Governor of Illinois made two requests to the Governor of Massachusetts for the extradition of Graves; the second being made in order to avoid and correct certain defects in the first. On both requests the Governor of Massachusetts issued extradition warrants. Graves filed in the Supreme Judicial Court petitions for habeas corpus attacking both warrants, which have been passed upon by the full bench of the court. It was ordered that upon the first warrant Graves be discharged, and that upon the second he be remanded for rendition. After that decision the present petition was filed. It raises the same questions which have been decided adversely to the petitioner by the Massachusetts Supreme Judicial Court, and other questions which might have been presented to that court.

It seems to me that the case comes squarely within the decision in Appleyard v. Massachusetts, 203 U. S. 223, 27 Sup. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, in which, upon a similar state of facts, it is said by the court that, "regularly, the accused should have prosecuted a writ of error to the Supreme Judicial Court of Massachusetts before invoking the jurisdiction of the Circuit Court of the United States upon habeas corpus" (Harlan, J., 203 U. S. 225, 226, 27 Sup. Ct. 122, 123 [51 L. Ed. 161, 7 Ann. Cas. 1073]), and that on this ground the petition must be dismissed.

[2] Upon the merits of the case as presented the same conclusion is reached. The indictment charges that on March 11, 1920, Graves and other persons named therein entered into a criminal conspiracy to injure and destroy buildings in the state of Illinois by the felonious and unlawful use of explosives. There was evidence before the Governor of Massachusetts that on the day specified such an explosion took place and that Graves was present at the scene of the crime. Obviously such an explosion might be the result of a conspiracy existing at the time when it occurred. The indictment alleges there was such a conspiracy and that Graves was one of the conspirators.

This is farther than the demanding state was required to go. The petitioner is not entitled to be discharged on habeas corpus unless he shows that he was not in the demanding state at any time when it was possible for him to have committed the crime charged in the indictment. He must establish an alibi to possibility, as well as to actual presence. In the language of the Supreme Court:

"The case is not to be tried on habeas corpus, and * * * when, as here, it appears that the prisoner was in the state in the neighborhood of the time alleged, it is enough." Holmes, J., Strassheim v. Daily, 221 U. S. 280, 286, 31 Sup. Ct. 558, 560 (55 L. Ed. 735).

See, too, In re Montgomery (D. C.) 244 Fed. 967, affd. 246 U. S. 656, 38 Sup. Ct. 424, 62 L. Ed. 924.

[3, 4] Objections to the formal sufficiency of the indictment—e. g., that it does not inform the defendant whether he is indicted under a statute, and, if so, what statute, or under the common law, cannot be raised on habeas corpus proceedings. The objection that the Illinois warrant explicitly provides that the state of Illinois snall not be responsible for the expenses of extradition, was held in Marbles v. Creecy, 215 U. S. 63, 30 Sup. Ct. 32, 54 L. Ed. 92, to be "a matter for the consideration of the Governor of the former [the asylum] state when he received the official demand for the arrest and delivery of the appellant as a fugitive from justice," and not to be "a matter that could legally affect the inquiry before the Circuit Court on habeas corpus, whether the requisition of the demanding state and the action thereon by the Governor of Missouri were in substantial conformity with the Constitution and the laws of the United States." Harlan, J., 215 U. S. 69, 30 Sup. Ct. 34, 54 L. Ed. 92.

While the formal sufficiency of the Illinois papers is not conceded by the petitioner, no serious argument has been made against them. They appear to be entirely regular.

Certain other matters of Illinois law have been argued, but for the reasons already stated they are not open in these proceedings.

[5] The petition must be dismissed. Inasmuch as all questions of law involved have been settled by decisions of the United States Supreme Court and of the highest court in Massachusetts, and there is no doubtful question of fact, the execution of the extradition warrant ought not to be further interfered with or delayed by these proceedings. I shall therefore follow the practice approved in this circuit by Judges Putnam and Lowell in Storti's Case (C. C.) 109 Fed. 809, although I am aware that some doubt has been expressed about it and refuse to allow an appeal, which in my opinion would be frivolous.

Petition dismissed.