SNYDER, U. S. Marshal, et al. v. HUNTER et al. *

(Court of Appeals of District of Columbia. Submitted October 8, 1925. Decided November 2, 1925.)

No. 4327.

1. Criminal law ⬤═242(5, 8)—In removal proceedings, inquiry limited to question of probable cause, and indictment, if presented, is evidence only of commission of offense.

In removal proceedings, inquiry is limited to whether there is probable cause to believe person guilty and justify removal, which inquiry may be made and removal had in advance of indictment, or without production of indictment, if one has been found; indictment,

*Motion to modify opinion denied February 10, 1926.

if presented, being only evidence of commission of offense, and magistrate being authorized to pass on its effect in that aspect only.

2. Criminal law ⬤═242(4)—Dismissal of petition for warrant of removal, on ground that indictment presented as evidence of probable cause was practically void, held error.

In removal proceedings, where indictment in wording of statute purporting to charge general conspiracy to violate National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), and enumerating numerous overt acts, was presented as evidence of probable cause, held, dismissal of petition for warrant of removal, on ground that indictment was so bad as to be practically void, was unwarranted.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceeding by James Hunter and others against E. C. Snyder, United States Marshal in and for the District of Columbia, and others. From a judgment granting petition for writ, and dismissing petition for warrant of removal, E. C. Snyder and others appeal. Judgment reversed, and case remanded for further proceedings.

Peyton Gordon and J. H. Burnett, both of Washington, D. C., for appellants.

J. A. O'Shea, J. S. Detwiler, A. L. Newmeyer, M. W. King, and William Wendell, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia granting a petition for a writ of habeas corpus and dismissing a petition for warrant of removal.

The petition for warrant of removal was based upon an indictment found in the Southern district of Florida and charging that the various defendants named therein, "on the 1st day of November in the year 1921, and continuously throughout the period of time from that day until the 15th day of April, in the year 1924, in said district and within the jurisdiction of this court, willfully, knowingly, and feloniously did conspire, combine, confederate, and agree together and with each other, and with divers other persons to the grand jurors unknown, to commit an offense and offenses against the United States; that is to say, to wrongfully and unlawfully sell, barter, transport, purchase, deliver, furnish, and possess intoxicating liquors for beverage purposes, in violation of title 2 of the National Prohibition Act, and in furtherance of said conspiracy,

combination, confederation, and agreement, the said defendant did then and there do divers acts to effect the objects of said unlawful conspiracy, combination, confederation, and agreement, to wit." Then followed 63 specifications of overt acts.

[1, 2] The Commissioner, after hearing was had in the District of Columbia, found probable cause, and this proceeding followed. The learned trial justice, in disposing of the matter, said: "My judgment is that the indictment in this case is so bad as a matter of pleading that it is practically a void indictment, and, that being so, I find there is no warrant or justification for my ordering the removal."

Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522, contains a full exposition of the law applicable to removal proceedings. The court there reaffirms the rule that in such a proceeding the inquiry is as to whether there is probable cause to believe the person guilty and justify his removal for trial; that this inquiry may be made and removal had to the trial district in advance of indictment, or without the production of the indictment, if one has been found; that, where an indictment is presented, it is before the magistrate simply as evidence for the purpose of establishing or tending to establish the commission of an offense, and the magistrate has "authority to pass upon its effect in that aspect only"; that the only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled. "In other words," says the court, "the commissioner, or the court in review on habeas corpus, for lack of power, cannot conclusively adjudge the indictment, qua indictment, to be either good or bad, or pass finally upon the guilt or innocence of the accused."

Having in mind the rule above enunciated we are clearly of the view that the removal of the defendants should have been ordered. The indictment follows the wording of the statute and charges a general conspiracy, and this is followed by a sufficient specification of overt acts.

In Rudner v. United States (C. C. A.) 281 F. 516, where the defendants had been convicted under an indictment charging them with conspiring at Pittsburgh, Pa., Canton, Ohio, and elsewhere in the Northern district of Ohio, under section 37 of the Criminal Code (Comp. St. § 10201), to violate the National Prohibition Act, particularly title 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), by unlawfully, willfully, and knowingly selling, bartering, transporting, delivering, furnishing, and possessing distilled spirits and intoxicating liquor otherwise than as authorized by the National Prohibition Act, and in violation of the provisions of that act, and defendants had sued out writs of error challenging the sufficiency of the indictment, the court found the indictment good and said: "It is the general rule that an indictment attempting to charge conspiracy to commit a crime is sufficient if it follows the language of the statute and contains a sufficient statement of an overt act to effect the object of the conspiracy, unless the conspiracy involves its carrying out in such a manner that the defendants would not be fairly and reasonably informed of the character of the offense without detailed statement of the means, the time, and the place, which we think is not the case here." The court suggested that, if the defendants in that case had desired further information to prepare for trial, "the well-established federal practice enabled them to obtain the same by calling for a bill of particulars," and that possibly this "was deemed unnecessary by reason of the elaborate statement of overt acts contained in the indictment." It may be mentioned here that the statement of overt acts in the indictment now before us is quite as elaborate as that in the Rudner Case.

In Remus v. United States (C. C. A.) 291 F. 501, a demurrer had been overruled to a count of the indictment charging that the defendants, "continuously throughout the period of time from April 20, 1919, to the day of the finding and presentation of this indictment, * * * unlawfully and feloniously have conspired, combined, confederated, and agreed together, and with divers other persons to said grand jurors unknown, to commit during said period of time a large number of offenses against the United States." The defendants insisted that the count was bad, in that it did not charge the actual formation of the conspiracy upon any definite date, or the commission of the overt acts subsequent to the formation of the conspiracy. The court, however, found that the allegations above quoted clearly charged "an existing conspiracy, entered into between the defendants on April 20, 1919, and continuing until the time of the finding and presentation of the indictment, not for the commission of one offense only, but for the commission of a continuity of offenses, in violation of title 2 of the National Prohibition Act, by the un-

lawful transportation, possession, and sale of intoxicating liquor," and sustained the count.

In De Witt v. United States (C. C. A.) 291 F. 955, where the defendant had been convicted and challenged the sufficiency of the indictment on the ground that it did not state in sufficient detail what the violation of the law was to be, the indictment was in substantially the same form as that before us and was held to be good.

In Burns v. United States (C. C. A.) 296 F. 468, Burns, with four others, had been convicted of conspiracy to transport for beverage purposes intoxicating liquors, in violation of the National Prohibition Act. The court said: "We are of opinion that the motion to quash the indictment was properly overruled. * * * The defendants could enter into a conspiracy general in its nature, and the indictment may properly be as broad as the conspiracy."

In Martin v. United States (C. C. A.) 299 F. 287, the defendants had been convicted under an indictment charging that they conspired "to unlawfully, willfully, and knowingly violate the Act of Congress of October 28, 1919, particularly title 2 thereof, the short title of which act of Congress is the National Prohibition Act, and which act of Congress is commonly known as the Volstead Act, in that they would unlawfully, willfully, and knowingly sell, barter, transport, deliver, furnish, keep, and possess distilled spirits and intoxicating liquors otherwise than as authorized in the aforesaid act of Congress known as the National Prohibition Act, and in violation of the provisions of the said National Prohibition Act." It will be observed that the language of that indictment is al-most identical with that of the indictment before us. The court in that case held the indictment good.

In Williams v. United States (C. C. A.) 3 F.(2d) 933, the defendants had been convicted under an indictment in practically the same language employed in the indictment under consideration here. The court found that the motion to quash was properly overruled, and said: "It is the general rule that an indictment charging conspiracy is sufficient, if it follows the language of the statute and contains a sufficient statement of an overt act to effect the object of the conspiracy. * * * Had defendants required further detailed information to prepare for trial, the established federal rule enabled them to obtain the same by calling for bill of particulars."

It will be observed that in each of the cases we have mentioned the court sustained the sufficiency of the indictment, considered in its technical aspect, while in the present case our inquiry is restricted to the sole question whether probable cause appears. If the averments of this indictment are sustained by proof, as we may assume will be the case, there certainly is probable cause to believe the defendants guilty.

In view of the numerous holdings of other courts, to which we have adverted, we do not deem further discussion necessary, and therefore reverse the judgment and remand the case for further proceedings in harmony with this opinion.

Reversed and remanded.

Motion to stay mandate denied November 21, 1925.