## BLEVINS v. SNYDER, U. S. Marshal.

Court of Appeals of District of Columbia.

Submitted October 6, 1927. Decided November 7, 1927.

No. 4610.

**1. Extradition ⬤⟹32—Indictment for assault with intent to murder held sufficient to support extradition proceeding.**

Indictment for assault with intent to murder, found in demanding state, *held* sufficient to warrant extradition.

**2. Extradition ⬤⟹39—In extradition proceeding, court's inquiry is limited to determining whether there is probable cause for believing accused guilty, and whether removal for trial is justified.**

In extradition proceeding, the court's inquiry should be as to whether there is probable cause to believe the person guilty, and his removal for trial justified, which inquiry may be made and removal had in advance of an indictment, or without the production of an indictment if one has been found.

**3. Extradition ⬤⟹39—In extradition proceeding, indictment is only evidence to be considered as tending to establish commission of offense.**

In extradition proceeding, indictment before magistrate is only evidence to be considered as tending to establish commission of offense.

**4. Extradition ⬤⟹39—Whether accused acted in self-defense in commission of offense charged cannot be determined in extradition proceeding.**

Whether accused charged with assault with intent to commit murder acted in self-defense cannot be determined in extradition proceeding.

**5. Extradition ⬤⟹39—That indictment was part of scheme or conspiracy to collect debt is no defense to extradition proceeding.**

That finding of indictment in demanding state was part of scheme or conspiracy to collect a debt is no defense to extradition proceeding.

**6. Extradition ⬤⟹39—That accused was colored, and that jury returning indictment in demanding state was composed of white men only, held no defense to extradition proceeding.**

That jury finding indictment against defendant in demanding state was composed only of white men *held* no defense to extradition proceeding, though accused was a colored man.

**7. Extradition ⬤⟹39—That accused, a colored man, might not be accorded fair trial in demanding state, held no defense to extradition proceedings.**

In proceedings to extradite colored man, it was no defense that prejudice against colored people in the demanding state was so great that appellant would not be accorded a fair trial, if returned to that state.

Appeal from the Supreme Court of the District of Columbia.

Petition by James Blevins for writ of habeas corpus to obtain release from Edgar C. Snyder, United States Marshal in and for the District of Columbia. From a judgment dismissing his petition, petitioner appeals. Affirmed.

S. L. McLaurin and W. H. Richards, both of Washington, D. C., for appellant.

Peyton Gordon and Neil Burkinshaw, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia dismissing appellant's petition for a writ of habeas corpus in an extradition proceeding.

Appellant was arrested under a warrant issued by order of the Chief Justice of the Supreme Court of the District of Columbia, upon requisition of the Governor of the state of Alabama. A hearing was had before the Chief Justice, resulting in the signing of an order that appellant be surrendered to the agent of the state of Alabama. A petition for a writ of habeas corpus having been sued out, the Chief Justice withheld the issuance of the order, pending a hearing on the writ.

[1] The indictment forming the basis for the warrant of removal reads as follows, in its material or charging part:

"The State of Alabama, Jefferson County: "Circuit Court of Tenth Judicial Circuit, July Term, 1926.

"The grand jury of said county charge that, before the finding of this indictment, James Blevins unlawfully and with malice aforethought did assault William J. Dorroh with the intent to murder him, against the peace and dignity of the state of Alabama.

"Jim Davis,
"Solicitor Tenth Judicial Circuit of Alabama."

[2, 3] The sufficiency of this indictment is challenged in the first assignment of error, the contention being that the indictment does not state a time when the offense was committed. In Snyder v. Hunter, 56 App. D. C. 41, 8 F. (2d) 902, after a review of the decision of the Supreme Court of the United

States in Morse v. U. S., 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522, we ruled that in an extradition proceeding the court's inquiry should be as to whether there is probable cause to believe the person guilty and his removal for trial justified; that this inquiry may be made and removal had in advance of an indictment, or without the production of an indictment, if one has been found; that, where an indictment is presented, it is before the magistrate simply as evidence for the purpose of establishing or tending to establish the commission of an offense; that the magistrate is without authority to pass upon its effect in any other aspect; and that the only safe rule is to abandon entirely the standard to which the indictment must conform, when judged as a criminal pleading, and to consider only whether it shows satisfactorily that the fugitive in fact has been charged with crime in the state from which he has fled. "In other words," said the court in Morse v. United States, "the commissioner, or the court in review on habeas corpus, for lack of power, cannot conclusively adjudge the indictment, qua indictment, to be either good or bad, or pass finally upon the guilt or innocence of the accused."

It is apparent, we think, that, if the indictment here involved is examined in the light of the rule announced, it is sufficient to warrant the conclusion reached by the examining magistrate, namely, that there is probable cause to believe that appellant has committed a crime in the state of Alabama, and that his removal thereto is justified.

[4] In the second assignment of error, appellant contends that he is not guilty of an extraditable offense, because he was acting in self-defense when he committed the alleged assault. Obviously that question is not open to inquiry in habeas corpus proceedings, but may be offered as a defense at the trial in Alabama.

[5] The third assignment of error is based upon allegations in the petition for habeas corpus to the effect that the finding of the indictment was a part of a scheme or conspiracy to collect a debt. This court held, in Goodale v. Splain, 42 App. D. C. 235, 239, that "matters of defense to the charge, or whether the proceedings were instituted by malice or improper motives," will not be considered in habeas corpus proceedings.

[6] The fourth assignment of error is based upon the contention that the indictment is invalid, because the grand jury returning it was composed of white men only; appellant being a colored man. This question also must be addressed to the court of the jurisdiction in which the indictment was found.

[7] In the fifth and last assignment of error it is contended that the court below erred in refusing to hold that the prejudice against colored people in the state of Alabama was so great that appellant would not be accorded a fair trial, if returned to that state. This contention in turn is based upon certain letters, set forth in the petition, tending to show that appellant's prosecution may have been inspired by an alleged creditor; but there is nothing in the record to indicate, much less to prove, that when brought to trial appellant will not be accorded his constitutional rights.

In Marbles v. Creecy, 215 U. S. 63, 69, 30 S. Ct. 32, 54 L. Ed. 92, an extradition proceeding in which the application for writ of habeas corpus set forth that petitioner was a negro, and that race feeling and prejudice was so bitter in the state of Mississippi (the demanding state) against negroes that he was in danger, if removed to that state, of being assassinated, that he could not have a fair and impartial trial in any of the courts of that state, and that to deliver him over to its authorities would be to deprive him, as a citizen of the United States and a resident of the state of Mississippi, of the equal protection of the laws. Answering the contentions based upon these averments, the Supreme Court said:

"It is clear that the executive authority of a state in which an alleged fugitive may be found, and for whose arrest a demand is made in conformity with the Constitution and laws of the United States, need not be controlled in the discharge of his duty by considerations of race or color, nor by a mere suggestion—certainly not one unsupported by proof, as was the case here—that the alleged fugitive will not be fairly and justly dealt with in the state to which it is sought to remove him, nor be adequately protected, while in the custody of such state, against the action of lawless and bad men. The court that heard the application for discharge on writ of habeas corpus was entitled to assume, as no doubt the Governor of Missouri assumed, that the state demanding the arrest and delivery of the accused had no other object in view than to enforce its laws, and that it would, by its constituted tribunals, officers, and representatives, see to it, not only that he was legally tried, without any reference to his race, but would be adequately protected while in the state's custody against the illegal action of those who might

interfere to prevent the regular and orderly administration of justice."

It results that the judgment must be affirmed, with costs.

Affirmed.