**PELLEY v. COLPOYS, U. S. Marshal.**
**No. 7734.**

United States Court of Appeals for the District of Columbia.

Argued Feb. 18, 1941.

Decided April 14, 1941.

Writ of Certiorari Denied Oct. 13, 1941.

See 62 S.Ct. 70, 86 L.Ed. ——.

T. Edward O'Connell, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Bernard Margolius and John Conliff, Jr., Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, C. J., and MILLER and RUTLEDGE, JJ.

GRONER, C. J.

This is an appeal from an order of the United States District Court discharging a writ of habeas corpus and remanding petitioner to the custody of the marshal for delivery to the agent of the State of North Carolina.

Petitioner, William D. Pelley, was convicted on January 22, 1935, in the Superior Court of Buncombe County, North Carolina, on the first and second counts of a 16-count indictment. The first count charged petitioner with selling and causing to be sold securities without registering as a dealer or salesman as provided by law; the second, unlawfully making false representations for the purpose of selling securities and stocks in North Carolina. On the 17th of February, 1935, petitioner was sentenced on the first count to confinement in the

state prison for a period of not less than one nor more than two years. On the second, "prayer for judgment [was] continued for five years". The prison sentence was suspended, on condition that petitioner pay a fine of a thousand dollars and costs and remain continuously of good behavior. Petitioner paid the fine and costs and was released. On October 19, 1939, the North Carolina court issued a capias for the arrest of petitioner, who was then outside the State of North Carolina. On March 8, 1940, the Governor of North Carolina forwarded to the Chief Judge of the United States District Court in the District of Columbia[1] an application for extradition to the end that petitioner be surrendered to the North Carolina court for sentence and judgment on the second count of the indictment and for the revocation of the suspended sentence imposed on the first count. After hearing, Judge Wheat issued an order surrendering petitioner to the agent of North Carolina as a fugitive from her justice.

This petition for habeas corpus followed. The stated grounds for relief are:

(1) The requisition papers contained no statement of any crime committed in North Carolina; and did not specify any offense committed by petitioner which would justify the issuance of a capias by the court; (2) petitioner was not under indictment or charged with crime in North Carolina; (3) the affidavits in support of the requisition show on their face that they were based upon information and belief; (4) petitioner was not a fugitive from the State of North Carolina; (5) extradition was sought not to prosecute petitioner in good faith, but to serve a private purpose; and upon return to North Carolina petitioner would be subjected to violence, physical abuse, and detained at a prohibitive bond which petitioner would be unable to give; and (6) that the suspended sentence under the North Carolina laws was limited to five years and that this period expired February 17, 1940, prior to the request of the Governor for extradition; and that the request, if complied with, will violate the Fourteenth Amendment, the Eighth Amendment, and Section 2, Article IV, of the Constitution of the United States.

There was a trial below, and the writ of habeas corpus was discharged and petitioner remanded to custody, but admitted to bail. The lower court found that petitioner was the identical person named in the application for extradition; that he was a fugitive from the justice of the State of North Carolina; and that the requisition papers substantially charge him with the commission of crime in North Carolina and substantially state facts which require his return to that State as a fugitive from justice.

This appeal followed.

■ We have no manner of doubt that the proceedings in the North Carolina court following petitioner's conviction in 1935 were in all respects regular and according to the North Carolina practice. For nearly half a century prior to 1937, the trial judges in North Carolina operated a system of probation on their own initiative, permitted convicted criminals to go at large on specified conditions, and arrested them upon bench warrants if the terms of probation were violated. The system is described in an article in 15 N.C.Law Review, pp. 321, 345, 346. Either the sentence of imprisonment would be formally entered and execution suspended on conditions, or prayer for judgment would be continued in like manner. Both procedures are approved in State v. Ray, 212 N.C. 748, 194 S.E. 472, 473.[2] Since 1937 this power has been expressly continued by statute as a part of the State's probation system. N.C.Code (Michie 1939), § 4665(1) et seq. Section 4665 (1) provides in part as follows: *"Suspension of sentence and probation.*—After conviction or plea of guilty or nolo contendere for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation.".

Likewise under the North Carolina law the trial court had authority to issue its

---

[1] Act of March 3, 1901, 31 Stat. 1340, D.C.Code 1929, Title 6, Sec. 377.

[2] "The power of the superior court to continue the prayer for judgment and to suspend the execution of a judgment, upon conditions, in proper cases and upon

terms that are reasonable and just, and thereafter, upon determination that the conditions had been breached, to impose sentence and execute the judgment, has been upheld by this court in numerous cases." (Citing cases.)

capias for petitioner's arrest on the suspended sentence either under the common-law system which prevailed in 1935 or under the 1937 statute which expressly authorizes the court to issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.[3]

■ In the instant case, capias for petitioner's arrest was admittedly issued within the period of suspension. In similar circumstances we have held that a fugitive from justice found in the District of Columbia may be extradited to the demanding State. Reed v. Colpoys, 69 App.D.C. 163, 99 F.2d 396. In that case we discuss the question at some length and cite the authorities, and no good purpose will result from repeating here what was said there. Petitioner, however, presents a number of collateral reasons why extradition should not be granted. He says that the prosecutor at his trial has since become a judge in North Carolina and that the proceedings for his arrest and extradition originated out of this judge's personal animosity; that the capias was issued by this judge at his own instance, not for the purpose of according petitioner a hearing, but for the purpose of imposing sentence. This conduct of the North Carolina judge, reprehensible as it may be if true, is nevertheless not subject in this proceeding to inquiry or comment by us. See Depoilly v. Palmer, 28 App.D.C. 324; Goodale v. Splain, 42 App. D.C. 235.

Very recently the question arose in United States v. Superintendent of County Prisons, 3 Cir., 111 F.2d 409, 412. Judge Maris answered it by quoting Justice Holmes' statement in Drew v. Thaw, 235 U.S. 432, 440, 35 S.Ct. 137, 59 L.Ed. 302, to the effect that "When, as here, the identity of the person, the fact that he is a fugitive from justice, the demand in due form, the indictment by a grand jury for what it and the governor of New York allege to be a crime in that state, and the reasonable possibility that it may be such, all appear, the constitutionally required surrender is not to be interfered with by the summary process

of habeas corpus upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place". And he appropriately added that this statement indicated why it was impossible to consider the relator's contention that his prosecution in California was pressed to punish him for his political views and activities rather than for the crime averred in the indictment, and concludes: "We may not inquire into the motive of the prosecution nor assume that the courts of California will not afford the relator a fair trial free of passion and prejudice."

■ We have no doubt that under the long-established rule the nature of the suspension of execution of sentence and of a continued prayer for judgment, together with the power of the court to lift the suspension and impose judgment, are questions within the exclusive province of the North Carolina courts. See Cappola v. Platt, 123 Conn. 38, 192 A. 156, certiorari denied 302 U.S. 726, 58 S.Ct. 47, 82 L.Ed. 560, and see also, for comparison, Marbles v. Creecy, 215 U.S. 63, 69, 30 S.Ct. 32, 54 L.Ed. 92; Blevins v. Snyder, 57 App.D.C. 300, 301, 22 F.2d 876, 877; and Munsey v. Clough, 196 U.S. 364, 373, 25 S.Ct. 282, 49 L.Ed. 515.

■ Petitioner also argues that the 1937 North Carolina Act, supra, limits the period of probation to five years, that this five-year period expired February 17, 1940, and that an order extending the time was not entered until February 19th, and hence that petitioner is no longer a fugitive. But, as we have already said, the capias for petitioner's arrest was issued prior to the expiration date, and this would seem to be enough, but in any case the point cannot be raised here. Petitioner is relying on a period of limitations, a matter which can be raised only in the courts of North Carolina. See Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 43, 62 L.Ed. 193, where the Supreme Court said: "This much, however, the decisions of this court make clear: That the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of

---

[3] Sec. 4665(4), North Carolina Code:
"At any time during the period of probation or suspension of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. * * * Upon such arrest, with or without warrant, the court shall cause the defendant to be brought before it in or out of term and may revoke the probation or suspension of sentence, and shall proceed to deal with the case as if there had been no probation or suspension of sentence."

the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding state."

On the whole case, we are of opinion that the action of the lower court was correct.

Affirmed.