**UNITED STATES ex rel. FARIS v. McCLAIN, Warden.**

No. 118.

District Court, M. D. Pennsylvania.

Jan. 6, 1942.

Judson E. Ruch, of York, Pa., for petitioner.

Walter E. Rogers, Sp. Asst. to Atty. Gen. of Virginia, for respondents.

JOHNSON, District Judge.

Petitioner seeks to be released upon a writ of habeas corpus from a warrant of arrest and extradition issued by the governor of the Commonwealth of Pennsylvania upon requisition by the governor of the Commonwealth of Virginia. Petitioner is charged with forgery and escape in Virginia, and is alleged to be a fugitive from the justice of that state. Petitioner's contentions are, first, that he is not charged with treason, felony, or other crime within the meaning of extradition law, and secondly, that he is not a fugitive from justice.

Concerning the contention that petitioner is not charged with a crime within the meaning of the extradition laws, petitioner argues that since he has been convicted and sentenced for the crime of forgery, the charge of crime merged in the conviction and sentence, and it can no longer be said that he is "charged" with forgery in Virginia. For the purpose of

extradition, a charge of crime is not merged in the conviction and sentence, but the criminal is still charged with the crime until completion of the sentence imposed upon him. Hughes v. Pflanz, 6 Cir., 138 F. 980, 983. Section 3 of the Uniform Criminal Extradition Act, in force in both Pennsylvania, 19 P.S. § 191.3, and Virginia, Code 1919, § 5070-c, as added by Acts 1940, c. 305, also shows that this is intended to be within the scope of extradition, for it provides that the requisition of the governor of the demanding state may be accompanied by "a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole". The petitioner here has not completed service of his sentence for forgery, but has escaped from imprisonment. He is, therefore, still charged with the crime of forgery in Virginia.

▆ Petitioner contends further that although the requisition from the governor of Virginia charges the crime of escape, the requisition is not accompanied by the papers required by section 3 of the Uniform Criminal Extradition Act, 1941 Pa. P.L. 288. The requisition was accompanied by an affidavit from the Superintendent of the Virginia Penitentiary alleging petitioner's escape from confinement lawfully imposed by the courts of the Commonwealth of Virginia. Petitioner has not shown to the court that any of the required papers were lacking. In the presentation of his case, petitioner has not presented to the court the requisition (or a copy) from the governor of Virginia. Petitioner cannot take advantage of any defects appearing therein, having failed to produce or procure a copy of it. The issuance of the warrant of arrest and extradition by the governor of Pennsylvania carries with it the presumption of valid issuance upon proper demand, and the burden is on the petitioner to overcome this presumption: Reed v. United States, 9 Cir., 224 F. 378, 380–381. Petitioner has not overcome the presumption of valid issuance.

▆ Petitioner's last contention is that he is not a fugitive from justice, but from injustice. He alleges the injustice consists of certain prison conditions, chaining at night, food unfit for human comsumption, and other methods of punishment. While the evidence, oral and documentary, includes many practices not permitted in Federal penal institutions and some state institutions, a discussion of the modes of punishment is not relevant to the question at issue. "Fugitive from justice" within the meaning of the extradition laws means "simply that, having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction, and is found within the territory of another": Roberts v. Reilly, 116 U.S. 80, 97, 6 S.Ct. 291, 300, 29 L.Ed. 544. Whether defendant is a fugitive from justice is "a question of fact, which the governor of the state upon whom the demand is made must decide, upon such evidence as he may deem satisfactory", and "the determination of the fact by the executive of the state in issuing his warrant of arrest * * * must be regarded as sufficient to justify the removal until the presumption in its favor is overthrown by contrary proof": Roberts v. Reilly, supra; Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657; Marbles v. Creecy, 215 U.S. 63, 30 S.Ct. 32, 54 L.Ed. 92. The governor is not required to demand proof of the fact apart from the requisition papers: Pettibone v. Nichols, 203 U.S. 192, 204, 27 S.Ct. 111, 51 L.Ed. 148, 7 Ann.Cas. 1047, and it is improper for the governor or a court to inquire into the motives of the prosecution or of the governor of the demanding state: Commonwealth v. Heinz, 141 Pa.Super. 158, 160, 14 A.2d 875; Pettibone v. Nichols, supra, 203 U.S. at page 203, 27 S.Ct. 111, 51 L.Ed. 148, 7 Ann.Cas. 1047; Kentucky v. Dennison, 24 How. 66, 16 L.Ed. 717; Drew v. Thaw, 235 U.S. 432, 439, 35 S.Ct. 137, 59 L.Ed. 302; Appleyard v. Massachusetts, 203 U.S. 222, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073; McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121; Marbles v. Creecy, supra; South Carolina v. Bailey, 289 U.S. 412, 420, 53 S.Ct. 667, 77 L.Ed. 1292. It has also been held that the governor of the state upon whom the demand is made need not be controlled in his decision by considerations of race or color, or the suggestion that the alleged fugitive will not be fairly dealt with in the demanding state: Marbles v. Creecy, supra; Blevins v. Snyder, 57 App.D.C. 300, 22 F.2d 876, 877. Similarly, where prison reform is needed, it must be sought through other channels than habeas corpus in extra-

432

dition proceedings. In such proceedings as this, matters of suggested prison reform are not properly considered.

For the foregoing reasons, it is ordered that the petition of Raymond Bertley Faris for a writ of habeas is denied, and it is ordered that extradition be proceeded with pursuant to the warrant of arrest issued by the governor of Pennsylvania.